[No. F041719. Fifth Dist. Dec. 22, 2003.]

THE PEOPLE, Plaintiff and Respondent, v.
GRANITE STATE INSURANCE COMPANY, Defendant and Appellant.

COUNSEL

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Phillip S. Cronin, County Counsel, and Barbara Booth Grunwald, Deputy County Counsel, for Plaintiff and Respondent.

OPINION

GOMES, J.—Granite State Insurance Company (Granite) appeals from an order denying its motion to vacate summary judgment on a bail bond, contending that the court lost jurisdiction to enter summary judgment 90 days after the expiration of an extended 185-day period provided by Penal Code sections 1305 and 1306[1] for it to move to vacate forfeiture of the bond. Granite filed a timely notice of motion to vacate the forfeiture and exonerate bail, which was scheduled to be heard within 30 days of the expiration of the extended period. Pursuant to subdivision (i) of section 1305, the court found good cause to extend the hearing on the motion until April 24, 2002, at which date the court denied the motion. Summary judgment was entered within 90 days from the date of denial of the motion, but more than 90 days after the extended period expired.

The issue in this case is whether the provision which allows the court to hear the motion after expiration of the extended period (§ 1305, subd. (i)) has

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

the effect of also extending the period (provided by § 1306) within which the court may enter summary judgment. We conclude that it does and affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 16, 2000, Granite executed a $20,000 bail bond, which was posted for the release of a criminal defendant. On November 8, 2000, the defendant failed to appear in court and the court ordered his bail forfeited. Notice of forfeiture was properly served by mail on Granite and its bail agent on November 13, 2000. Pursuant to the parties' stipulation, the trial court extended the period for Granite to move to vacate the forfeiture and exonerate the bond to November 13, 2001.

On November 8, 2001, Granite filed a motion to vacate the forfeiture and exonerate bail, which was scheduled for hearing on December 12, 2001. In the motion, Granite contended that the trial court lost jurisdiction over the bond when it allowed the defendant to remain out on bail after taking his guilty plea on September 14, 2000, without making the findings required by section 1166. On November 26, 2001, Division Six of the Court of Appeal, Second Appellate District, issued a decision in *People v. Ranger Ins. Co. (Ranger I)*,[2] which held that section 1166 did not apply to a guilty plea before trial. County counsel cited this case in its opposition to Granite's motion. Since this case was not yet final on the December 12, 2001, hearing date and the case could be dispositive of the issues raised by the motion, the parties stipulated to continue the hearing until January 23, 2002. The court approved the stipulation finding good cause to do so.

On January 7, 2002, Division Three of the Court of Appeal, Second Appellate District, issued its decision in *People v. Seneca Ins. Co. (Seneca)*,[3] which disagreed with the decision in *Ranger I*, and came to a contrary conclusion. On January 22, 2002, the parties again stipulated to continue the hearing date to March 27, 2002, because these two decisions were contradictory and "[c]ounsel for the parties are waiting for one of them to become case law." The court approved the stipulation again finding good cause to do so.

The hearing was continued a third time to April 24, 2002, after county counsel developed a calendar conflict. The court approved the parties' stipulation to continue the hearing on March 22, 2002, again finding good cause to do so.

---

[2] Review granted March 13, 2002, S103451, review dismissed and remanded May 14, 2003.

[3] Review granted March 13, 2002, S104487, judgment reversed by *People v. Seneca Ins. Co.* (2003) 29 Cal.4th 954 [129 Cal.Rptr.2d 842, 62 P.3d 81].

By April 24, 2002, the Sixth District Court of Appeal had issued its decision in *People v. Ranger Ins. Co. (Ranger II)*,[4] which agreed with the decision in *Ranger I* and disagreed with *Seneca*. At the April 24, 2002, hearing on Granite's motion to vacate forfeiture and exonerate bail, the court denied the motion after hearing oral argument. Within 90 days thereafter, on May 28, 2002, summary judgment was entered against Granite. Notice of entry of judgment was mailed to Granite on June 4, 2002.

On July 10, 2002, Granite filed a motion to set aside the judgment on the ground that the court lacked jurisdiction to enter summary judgment because it was entered more than 90 days beyond the extension to November 13, 2001. The motion was denied on September 11, 2002. Granite filed a timely notice of appeal from that order.

## DISCUSSION

█ Section 1305, subdivision (a) requires the trial court to declare a forfeiture of bail if a defendant fails to appear at specified court proceedings without a satisfactory excuse. Where, as here, the amount of the bond exceeds $400, the clerk of the court is required to mail notice of the forfeiture to the bail agent within 30 days of the forfeiture. (§ 1305, subd. (b).) Section 1305, subdivisions (c), (d) and (e) set forth a 180-day period, plus five days when the notice of forfeiture has been mailed, within which a surety may obtain relief from the forfeiture by various methods, including the filing of a motion to vacate the forfeiture and exonerate bail (the exoneration period). (*County of Los Angeles v. Nobel Ins. Co.* (2000) 84 Cal.App.4th 939, 943 [101 Cal.Rptr.2d 320]; *People v. Ranger Ins. Co.* (2000) 77 Cal.App.4th 813, 825–826 [91 Cal.Rptr.2d 907].)

█ Section 1305.4 allows the court to extend the exoneration period up to 180 days, upon the filing of a motion supported by a showing of good cause. A motion to extend the exoneration period or to vacate the forfeiture that is timely filed within the exoneration period, may be heard within 30 days after the expiration of that period, and the court may extend the 30-day period to hear the motion on a showing of good cause. (§ 1305, subd. (i).)[5]

█ Under section 1306, subdivision (a), the court is authorized to enter summary judgment when a bond has been forfeited "and the period of time specified in Section 1305 has elapsed without the forfeiture having been set

---

[4] Review granted May 15, 2002, S105702, review dismissed and remanded May 14, 2003.

[5] Section 1305, subdivision (i) provides in pertinent part: "A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period. The court may extend the 30-day period upon a showing of good cause . . . ."

aside . . . ."[6] Section 1306, subdivision (c) provides in pertinent part: "If . . . summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated."[7]

Here, the court extended the exoneration period to November 13, 2001. Before that period expired, Granite timely filed a motion to vacate the forfeiture and exonerate bail which was scheduled for hearing within 30 days of November 13, 2001, as required by section 1305, subdivision (i). The court granted three continuances of the hearing on the motion, each time finding that the parties had shown good cause for the continuance. Once it denied the motion, the court entered summary judgment within 90 days of the denial.

Granite does not contend that the continuances of the hearing were not based on a showing of good cause, or that the continuances did not otherwise comply with section 1305, subdivision (i). Instead, Granite's primary contention on appeal is that the court was required to enter summary judgment by February 11, 2002—90 days after the exoneration period expired on November 13, 2001—despite the fact that a hearing on its motion to vacate the forfeiture was pending. We do not believe that is what the statute requires.

"The general principles that guide interpretation of a statutory scheme are well established. When assigned the task of statutory interpretation, we are generally guided by the express words of the statute. ' "Our function is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. [Citation.] To ascertain such intent, courts turn first to the words of the statute itself [citation], and seek to give the words employed by the Legislature their usual and ordinary meaning. [Citation.] When interpreting statutory language, we may neither insert language which has been omitted nor ignore language which has been inserted. (Code Civ. Proc., § 1858.) The language must be construed in the context of the statutory framework as a whole, keeping in mind the policies and purposes of the statute [citation], and where possible the language should be read so as to conform to the spirit of the enactment. [Citation.]" ' " (*People v. Taylor Billingslea Bail Bonds* (1999) 74 Cal.App.4th 1193, 1198 [88 Cal.Rptr.2d 713].)

---

[6] Section 1306, subdivision (a) provides: "When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture, regardless of the amount of the bail, shall enter a summary judgment against each bondsman named in the bond in the amount for which the bondsman is bound. The judgment shall be the amount of the bond plus costs, and notwithstanding any other law, no penalty assessments shall be levied or added to the judgment."

[7] Section 1306, subdivision (c) reads in its entirety: "If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated."

As stated above, section 1306, subdivision (c) provides that the court loses the power to act on a forfeited bond if "summary judgment is not entered within 90 days after *the date upon which it may first be entered* . . . ." (Italics added.) Thus, we are required to determine the date upon which summary judgment "may first be entered" when, as in this case, the surety has filed a motion to vacate the forfeiture before the expiration of the exoneration period, but the motion is decided after the expiration of that period.

Subdivision (a) of section 1306 provides guidance, in that it states that the court may enter summary judgment "[w]hen . . . *the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside* . . . ." (Italics added.) Generally, if the notice of forfeiture is required to be mailed, the period of time specified in section 1305 elapses 185 days after the notice is mailed and summary judgment may first be entered on the 186th day. (*People v. Ranger Ins. Co., supra,* 77 Cal.App.4th at pp. 818–819.) However, in determining when summary judgment may first be entered in cases where a motion to vacate the forfeiture is filed, but not decided, before the expiration of the exoneration period, the key language of section 1306, subdivision (a) is *"without the forfeiture having been set aside"* (italics added). If a motion has been filed to vacate the forfeiture during the exoneration period, but not decided during that period, it cannot be said that the "period of time specified in Section 1305 has elapsed without the forfeiture having been set aside," (§ 1306, subd. (a)) because the court may yet decide to set aside the forfeiture. It is only when a decision has been made to deny the motion that the "period of time specified in Section 1305," i.e., 185 days plus any extension of that period, "has elapsed without the forfeiture having been set aside." (§ 1306, subd. (a).)

This interpretation is consistent with the language of section 1306, subdivision (c), which provides that the 90-day period to enter summary judgment commences on the date when summary judgment "may first be entered." Given that subdivision (i) of section 1305 specifically authorizes the court to hear a motion to vacate forfeiture after the expiration of the exoneration period, if such a motion has been timely filed, summary judgment cannot be entered before the motion has been decided even if that decision occurs *after* the expiration of that period. (See, e.g., *People v. Wilcox* (1960) 53 Cal.2d 651, 657 [2 Cal.Rptr. 754, 349 P.2d 522].) To hold otherwise would require a court to enter summary judgment before reaching a decision on a motion to vacate the forfeiture, the hearing on which may have been properly extended for good cause as authorized by section 1305, subdivision (i), beyond 90 days from the expiration of the exoneration period, rendering those proceedings futile. It also means that language must be added to subdivision (i) of section 1305, requiring that the motion be decided within 90 days of the expiration of the exoneration period. Subdivision (i), however, places no time constrictions

on extensions of the period in which to hear the motion; instead it allows the court to "extend the 30-day period upon a showing of good cause."

Although no court has apparently analyzed this precise statutory language in this context, there is authority to support the proposition that the 90-day period to enter summary judgment does not begin to run until a timely filed motion to vacate forfeiture, heard after the expiration of the exoneration period, has been decided. In *County of Sacramento v. Insurance Co. of the West* (1983) 139 Cal.App.3d 561 [188 Cal.Rptr. 736], the surety filed a motion to vacate forfeiture of bail bonds on April 14, 1978, which was within 180 days of the forfeiture on October 18, 1977. The court denied the motion on July 12, 1978, well after the 180-day period expired. On July 13, 1978, the surety filed a notice of appeal, which the Court of Appeal dismissed on December 28, 1978. After the remittitur was issued, the court entered summary judgment on April 16, 1979. The county appealed after the court granted the surety's motion to vacate summary judgment. (*Id.* at p. 563.) The Court of Appeal held that the motion was properly granted because the 90-day period to enter summary judgment provided in section 1306 was not tolled by an appeal from the denial of the surety's motion to vacate the forfeiture, and therefore the court lacked jurisdiction to enter summary judgment following expiration of the 90-day period. (*Id.* at pp. 562–563.) In so holding, the court stated: "The parties agree the 90-day period in which to enter summary judgment began on July 13, 1978, the day after the superior court denied the bondsman's motion to set aside the forfeiture. (See *People v. Wilcox*[, *supra*,] 53 Cal.2d 651 [2 Cal.Rptr. 754, 349 P.2d 522]." (*County of Sacramento v. Insurance Co. of the West, supra,* at p. 564.) Thus, *County of Sacramento* provides authority for the proposition that the 90-day period to enter summary judgment does not begin to run until *after* a timely filed motion to vacate forfeiture is denied.

While we recognize that the statement in *County of Sacramento* regarding the 90-day period is dicta, the case cited in support of that proposition, *People v. Wilcox, supra,* 53 Cal.2d 651 is instructive. In *Wilcox*, forfeiture was ordered on June 20, 1958. (*Id.* at p. 653.) At the time section 1306 required entry of summary judgment within 90 days of the date of forfeiture, and section 1305 provided for a 90-day period in which the surety could apply for relief from forfeiture. (*Wilcox, supra,* at pp. 655, 657.) The surety filed a motion to vacate forfeiture on September 18, 1958 (within the 90-day period provided in § 1305), and the trial court granted the motion on October 15, 1959 (after the 90-day period provided in § 1306). (*Wilcox, supra,* at pp. 653–654.) On appeal, the People argued that under section 1306, the trial court lacked jurisdiction to grant the surety's motion to vacate forfeiture once the 90-day period had passed. The court rejected the argument, explaining: ". . . If relief may be applied for at any time within the 90-day period certainly the court can not be expected to

act on the application before the end of the period. Section 1306 can not be construed to require a summary judgment when the court has pending before it an application for relief under section 1305 at the end of the 90-day period." (*People v. Wilcox, supra*, at p. 657.)

The *Wilcox* case supports the conclusion that entry of summary judgment is not required while a surety's motion to vacate forfeiture is pending, and therefore the 90-day period for entry of summary judgment does not begin to run until the motion is denied. Further support for this proposition is found in *County of Los Angeles v. Nobel Ins. Co., supra*, 84 Cal.App.4th 939, in which the surety filed a timely notice of motion to vacate the forfeiture and exonerate the bond, and the trial court found good cause to continue the hearing on the motion more than 90 days after the exoneration period expired, when the court denied the motion. The trial court entered summary judgment within 90 days of the denial. (*Id.* at pp. 943–944.)[8] The trial court denied the surety's motion to vacate the judgment, in which the surety contended the court lacked jurisdiction to enter summary judgment because it was entered more than 90 days beyond the exoneration period. (84 Cal.App.4th at p. 942.) The Court of Appeal affirmed the judgment, finding that the trial court had good cause to continue the hearing on the motion, and stating that summary judgment was "timely entered" because it was entered within 90 days of the date the motion was denied. (*Id.* at pp. 943–944.)

In so stating, the court cited *County of Los Angeles v. Surety Ins. Co.* (1984) 152 Cal.App.3d 16 [199 Cal.Rptr. 351]. In that case, the surety filed a motion which in effect made a claim for tolling of the 180-day exoneration period by reason of the defendant's temporary disability, and also requested that the forfeiture be vacated. The motion was filed on January 5, 1982—the 180th day following the date notice of forfeiture was mailed—and set for hearing on January 27, 1982—within 30 days after the expiration of the 180-day period.[9] At the January 27 hearing, the court "tolled" the statute until April 27, 1982, and at the April 27 hearing, denied the motion to vacate forfeiture. Summary judgment was entered on July 7, 1982—71 days later.

[8] As applicable to the parties in *Nobel*, former section 1305, subdivision (c)(4) provided in pertinent part: ". . . A motion filed in a timely manner within the 180-day period may be heard within 30 days of the expiration of the 180-day period. The court may extend the 30-day period upon a showing of good cause." (Former § 1305, subd. (c)(4); *County of Los Angeles v. Nobel Ins. Co., supra*, 84 Cal.App.4th at p. 943.) In 1999, amendments to section 1305 deleted former subdivision (c)(4) and incorporated this language into newly added subdivision (i). (Stats. 1999, ch. 570, § 2.)

[9] At the time section 1305 provided in pertinent part, that " '. . . no order discharging the forfeiture of the undertaking or deposit shall be made without opportunity for hearing and the filing of a notice of motion for such order setting forth the basis for relief . . . . Such notice of motion must be filed within 180 days after such entry in the minutes or mailing as the case may be, and must be heard and determined within 30 days after the expiration of such 180 days, unless the court for good cause shown, shall extend the time for hearing and determination.' " (*County of Los Angeles v. Surety Ins. Co., supra*, 152 Cal.App.3d at p. 20, fn. 1.)

The court denied the surety's subsequent motion to vacate entry of summary judgment. (*Id.* at pp. 19, 21.)

On appeal, the surety argued that although the court had jurisdiction to hear its motion after the initial 180-day period, it had no jurisdiction to toll the statute because "the court's power to toll the period of eligibility for discharge from forfeiture expired 180 days after the notice of forfeiture was mailed, regardless of the fact that the motion for relief was properly heard after the 180 days had passed." (*County of Los Angeles v. Surety Ins. Co., supra,* 152 Cal.App.3d at p. 22.) The Court of Appeal rejected this argument, stating that it defied "both law and logic," since case law established that a motion to toll the running of the statute could be heard after the 180-day period expired, and "[i]t would make no sense to allow the hearing on such a motion to be held at a time when the court's jurisdiction to grant relief has expired; the hearing would be futile, as the only form of relief that the statute allows would be unavailable." (*Id.* at p. 22.) The court further reasoned that, even if there was no showing of temporary disability that would justify tolling the 180-day period, the court ". . . had jurisdiction to simply continue the hearing to April 27 for good cause shown [citation] which in effect would also constitute a tolling of the statute, if tolling is equivalent, as we think it is, to extending the period of time in which discharge from forfeiture may be sought and obtained." (*Ibid.*) The court further explained that entry of summary judgment on July 7 was timely:

". . . Penal Code section 1306 sets a 90-day time limit for the entry of summary judgment on bail forfeitures; if the court does not enter summary judgment *within 90 days of its first opportunity to do so,* its right to do so expires. The 90-day period commences when 'the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside.' (Pen. Code, § 1306, subd. (a).) Here, the 90-day period commenced on April 27, the date on which the 180-day period of time specified in section 1305, as tolled, elapsed without the forfeiture having been set aside. The entry of summary judgment, on the 71st day after April 27, was therefore timely." (*County of Los Angeles v. Surety Ins. Co., supra,* 152 Cal.App.3d at pp. 24–25, italics added.)

These authorities provide ample support for the conclusion that, in cases where a motion to vacate forfeiture is timely filed prior to the expiration of the exoneration period, but not decided until after that period, the 90-day period to enter summary judgment begins to run when the motion is denied. Granite contends that *Nobel,* the case respondent primarily relies on, is poorly reasoned and urges us not to follow it, arguing that the court in *Nobel* wrongly assumed that an extension of the 30-day period for hearing a motion to vacate forfeiture "extended the jurisdictional 180-day period for

exoneration." The court in *Nobel*, however, did not state that it was extending the exoneration period, it merely stated that summary judgment was timely entered when it was entered within 90 days of the date the motion to vacate was denied, citing to *County of Los Angeles v. Surety Ins. Co., supra,* 152 Cal.App.3d 16. (*County of Los Angeles v. Nobel Ins. Co., supra,* 84 Cal.App.4th at p. 944.)

We agree with Granite that the exoneration period can only be extended an additional 180 days once. (*People v. Taylor Billingslea Bail Bonds, supra,* 74 Cal.App.4th at p. 1199.) We disagree, however, that interpreting sections 1305 and 1306 as allowing for entry of summary judgment more than 90 days after the expiration of the exoneration period when a timely filed motion to vacate forfeiture is denied after that period results in an impermissible extension of the exoneration period. This is because section 1305, subdivision (i) provides only that a motion timely filed within the exoneration period may be *heard* within 30 days of the expiration of that period, and that the 30-day period for hearing the motion may be extended upon a showing of good cause. It does not extend the time the surety has to file the motion, i.e., the motion cannot be filed *after* the exoneration period has expired. (*County of Los Angeles v. American Bankers Ins. Co.* (1996) 44 Cal.App.4th 792, 796–797 [52 Cal.Rptr.2d 75.) It also does not extend the time for establishing the facts upon which the motion is based, i.e., the facts must be in existence within the exoneration period. (*People v. Ramirez* (1976) 64 Cal.App.3d 391, 401–402 [134 Cal.Rptr. 511] [holding that defenses set forth in section 1305, must not only be asserted, but must also be in existence, within the 180-day period or the court loses jurisdiction, and concluding purpose of allowing hearing to be held beyond the 180 days "was not [to] extend the actual existence of the grounds beyond the 180-day period"].)

█ Thus, under section 1305 a motion to vacate forfeiture must be filed before the end of the exoneration period, and the facts upon which the motion is based must be established before that period expires. The hearing on the motion, however, can occur within the 30 days following the exoneration period, and the hearing can be continued to an even later date upon a showing of good cause. (§ 1305, subd. (i).) Holding the hearing after the exoneration period has expired does not extend that period, which is the period of time for filing a motion to vacate and establishing the grounds for relief, but does extend the time to actually set aside the forfeiture. Only when the court actually denies the motion does "the period of time specified in Section 1305" elapse "without the forfeiture having been set aside" (§ 1306, subd. (a)) and the 90-day period for entering summary judgment begin to run. (§ 1306, subd. (c).)

Granite contends that "the cases clearly hold that summary judgment may *only* be entered within the 90-day window period following the lapse of the

180-day period, including any extensions thereof." (Italics added.) The cases Granite cites, however, do not support that assertion. In *County of Los Angeles v. American Bankers Ins. Co., supra,* 44 Cal.App.4th 792, the court held that a motion to vacate forfeiture filed *after* the expiration of the 180-day period did not toll that period or "extend the 90-day period" (*id.* at p. 796) for entering summary judgment, and therefore the failure to enter summary judgment 90 days after the 180-day period expired resulted in exoneration of the bond as a matter of law. (*Id.* at pp. 795–797.) The courts in *People v. Ranger Ins. Co.* (2002) 99 Cal.App.4th 1229, 1235 [122 Cal.Rptr.2d 371], and *People v. International Fidelity Ins. Co.* (2001) 92 Cal.App.4th 470, 475 [112 Cal.Rptr.2d 1], both held that a summary judgment entered during an extended exoneration period was prematurely entered and therefore void. None of the courts in these cases, or in the other cases Granite cites (*County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58 [208 Cal.Rptr. 263]; *People v. Silva* (1981) 114 Cal.App.3d 538 [170 Cal.Rptr. 713]; *People v. Surety Ins. Co.* (1973) 30 Cal.App.3d 75 [106 Cal.Rptr. 220]) addressed the issue of whether a motion filed *before* the expiration of the exoneration period required the court to enter summary judgment within 90 days *after* the exoneration period expired, even though the motion was not decided until after the exoneration period ended.[10]

While sections 1305 and 1306 must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture (*People v. International Fidelity Ins. Co., supra,* 92 Cal.App.4th at p. 473), to interpret the statutes as Granite suggests would result in an absurdity and injustice to sureties who file a timely motion to vacate forfeiture, but whose motion is not heard within 90 days after the exoneration period expires. In those cases, the court would be compelled to enter summary judgment within 90 days of the exoneration period, even if good cause existed to continue the motion to vacate beyond that time period, effectively depriving the surety of its ability to vacate the forfeiture. (See *Dyna-Med, Inc. v. Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1392 [241 Cal.Rptr. 67, 743 P.2d 1323] ["Statutes are to be given a reasonable and commonsense interpretation consistent with the apparent legislative purpose 'and intent and which, when applied, will result in wise policy rather than mischief or absurdity' "].)

---

[10] We note that the court in *People v. National Auto. & Cas. Co.* (1966) 242 Cal.App.2d 150 [51 Cal.Rptr. 212], which Granite also relies on, declined to follow *People v. Wilcox, supra,* 53 Cal.2d 651, and held instead that where a motion to vacate forfeiture was not decided within the 90-day period for setting aside an order of forfeiture under the former version of section 1305, "the court was without jurisdiction to do anything other than enter the summary judgment." (*People v. National Auto. & Cas. Co., supra,* 242 Cal.App.2d at pp. 153–154.) This case is not controlling, however, because the current version of section 1305, subdivision (i), grants the court jurisdiction to decide a motion to vacate forfeiture *after* the expiration of the exoneration period.

■ In sum, we conclude that where a surety timely files a motion to vacate forfeiture prior to the expiration of the exoneration period, and the motion is decided after expiration of that period as provided under section 1305, subdivision (i), the court's power to enter summary judgment begins on the day following denial of the motion and expires 90 days later. Since summary judgment in this case was entered within 90 days of the date the trial court denied the motion to vacate, it was timely entered and the court did not err in denying Granite's motion to set aside the judgment.

## DISPOSITION

The judgment is affirmed. Costs on appeal are awarded to respondent.

Ardaiz, P. J., and Dawson, J., concurred.