[No. G034007. Fourth Dist., Div. Three. June 29, 2005.]

THE PEOPLE, Plaintiff and Respondent, v.
AEGIS SECURITY INSURANCE COMPANY, Defendant and Appellant.

## Counsel

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Benjamin P. de Mayo, County Counsel, and Leon J. Page, Deputy County Counsel, for Plaintiff and Respondent.

## Opinion

**SILLS, P. J.**—Aegis Security Insurance Company, surety for Zzoom Bail Bonds, appeals from the denial of its motion to set aside summary judgment on its bond and to exonerate bail. Although the period within which the forfeiture could be set aside (the appearance period; see *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 658 [16 Cal.Rptr.3d 76, 93 P.3d 1020]) had expired, Aegis contends the trial court lacked jurisdiction to enter summary judgment on the bond because there was a pending motion to extend the period. Aegis claims because it filed the motion to extend before the appearance period expired, the trial court prematurely entered judgment against it, thus losing jurisdiction. We agree the order was entered prematurely; because the trial court had fundamental jurisdiction over the parties and the subject matter, however, its order was merely voidable and is not subject to collateral attack. Accordingly, we affirm.

### FACTS

Aegis issued a bail bond for Robert Banuelos in October 2002. He failed to appear on December 16, 2002, and the trial court declared the bail forfeited. Notice of forfeiture was mailed on December 18, thus fixing the expiration of the appearance period at June 21, 2003, the 185th day following the mailing. On June 6, Aegis filed a motion to extend the appearance period, which was granted on July 23; the appearance period was then set to expire on September 5. On September 8, the trial court granted the surety's second motion to extend, and set the expiration of the appearance period for

October 3. On October 3, the surety filed a third motion to extend, and a hearing was scheduled for November 3, 2003.[1]

Notwithstanding the pending motion, the trial court entered summary judgment against the surety on October 15. On November 3, the third motion to extend the appearance period was denied. The surety did not appeal from the summary judgment, and it became final on December 23, 2003. About two months later, the surety moved to set aside the summary judgment, arguing the trial court had no jurisdiction to enter summary judgment while a timely motion to extend was pending. The motion to set aside the summary judgment was denied, and the surety appeals from that denial.

## DISCUSSION

■ The statutory scheme governing bail forfeitures is found in Penal Code section 1305 et seq.[2] These provisions must be carefully followed by the trial court, or its acts will be considered without or in excess of its jurisdiction. (*People v. Topa Ins. Co.* (1995) 32 Cal.App.4th 296, 300 [38 Cal.Rptr.2d 167].) ■ Our task when interpreting the statutes is to ascertain the Legislature's intent; ■ we are mindful that " '[t]he law traditionally disfavors forfeitures,' " and the provisions " 'must be strictly construed in favor of the surety . . . .' " (*County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62 [208 Cal.Rptr. 263].)

■ The trial court must set aside the forfeiture of bail and exonerate the bond if the defendant appears or is surrendered to custody by the bail agent within 185 days after the notice of forfeiture is mailed by the clerk of the court. (§ 1305, subds. (b) & (c).) This 185-day period is known as the appearance period. (*People v. American Contractors Indemnity Co., supra,* 33 Cal.4th at p. 658.) If the appearance period elapses without the forfeiture having been set aside, the trial court must enter summary judgment against the surety. (§ 1306, subd. (a).) If the trial court fails to enter summary judgment within 90 days "after the date upon which it may first be entered," it loses the right to do so. (§ 1306, subd. (c).)

---

[1] Respondent requests judicial notice of the complete docket report in the underlying criminal case and of the superior court's case management procedures as described in the declaration of deputy county counsel. We grant the request as to the docket report, but we deny the request as to the case management procedures. (*People v. Aegis Security Ins. Co.* (2005) 127 Cal.App.4th 569, 574 [25 Cal.Rptr.3d 623].)

[2] All statutory references are to the Penal Code.

■ The surety may file a motion to extend the appearance period for good cause. (§ 1305.4) If the motion is filed within the appearance period, it may be heard up to 30 days after the expiration of the appearance period. The trial court may extend the 30-day period upon a showing of good cause. (§ 1305, subd. (i).)

Here, the surety filed its motion to extend on the last day of the appearance period; thus it was timely.[3] Before it could be heard, however, the trial court entered summary judgment on the bond. The question is whether the pending motion extended the appearance period until it could be heard, thus postponing "the date upon which [summary judgment] may first be entered." (§ 1306, subd. (c).)

This question was answered in a slightly different context in *People v. Granite State Insurance Co.* (2003) 114 Cal.App.4th 758 [7 Cal.Rptr.3d 887]. There, the surety moved to vacate forfeiture and exonerate the bond before the expiration of the appearance period, scheduling the hearing within the 30 days following the expiration. The trial court found good cause to continue the hearing three times, ultimately hearing the motion more than five months after the expiration of the appearance period. The motion was denied, and the trial court entered summary judgment on the bond within 90 days following the denial. The surety moved to set aside the summary judgment, claiming the trial court lost jurisdiction to enter it after the expiration of the appearance period.

On appeal, the court found the trial court had jurisdiction to enter the summary judgment. "Given that subdivision (i) of [Penal Code] section 1305 specifically authorizes the court to hear a motion to vacate forfeiture after the expiration of the exoneration period, if such a motion has been timely filed, summary judgment cannot be entered before the motion has been decided even if that decision occurs *after* the expiration of that period. [Citation.] To hold otherwise would require a court to enter summary judgment before reaching a decision on a motion to vacate the forfeiture, the hearing on which may have been properly extended for good cause as authorized by section 1305, subdivision (i), beyond 90 days from the expiration of the exoneration period, rendering those proceedings futile." (*People v. Granite State Insurance Co., supra,* 114 Cal.App.4th at p. 764.) The court concluded that the 90-day

---

[3] We note the surety calendared the motion to be heard on November 3, which was 31 days after the expiration of the appearance period. Without an extension of the 30-day period by the trial court or the recalendaring of the hearing, the trial court's jurisdiction to hear the motion would have expired by then. (§ 1305, subd. (i).) Because either of these contingencies could have happened, the motion was valid at the time the summary judgment was entered.

period to enter summary judgment does not begin until the pending motion to vacate forfeiture is denied. (*Id.* at p. 768.)

The logic of *Granite State* applies squarely to the situation before us. If Aegis's statutorily authorized motion to extend the appearance period did not postpone the date on which the trial court could first enter summary judgment, the motion would be futile. Such a construction of section 1305.4 would contravene the mandate to strictly construe the bail forfeiture statutes in favor of the surety. (*Seneca Ins. Co. v. County of Orange* (2004) 117 Cal.App.4th 611, 616–617 [13 Cal.Rptr.3d 1].) Accordingly, we conclude the summary judgment was prematurely entered.

Aegis argues the premature summary judgment is void and the trial court should have granted its motion to set it aside. But the Supreme Court recently determined that a premature summary judgment on a bail bond is merely voidable, not void. (*People v. American Contractors Indemnity Co., supra,* 33 Cal.4th 653.) There, the trial court entered summary judgment on the last day of the appearance period. The surety did not appeal, and the judgment became final. Months later, the surety moved to set aside the summary judgment and exonerate the bail, arguing the judgment was void because it was entered prematurely.

■ The Supreme Court found the trial court had fundamental jurisdiction over the subject matter and the parties at the time it entered summary judgment. " 'Under the Penal Code, a court has jurisdiction over a bail bond from the point that it is issued until the point it is either satisfied, exonerated, or time expires to enter summary judgment after forfeiture.' " (*People v. American Contractors Indemnity Co., supra,* 33 Cal.4th at p. 663.) While the trial court erred in entering a premature summary judgment, the error was merely in excess of its jurisdiction, rendering the judgment valid until set aside. (*Id.* at p. 661.) "Errors which are merely in excess of jurisdiction should be challenged directly, for example by motion to vacate the judgment, or on appeal, and are generally not subject to collateral attack once the judgment is final unless 'unusual circumstances were present which prevented an earlier and more appropriate attack.' [Citation.]" (*Ibid.*)

Here, Aegis did not directly attack the summary judgment by appeal, but attempted a collateral attack via its motion to set aside the judgment. Aegis presents no circumstances which would justify an exception to "the rule that collateral attack on a voidable but final judgment is not available . . . ." (*People v. American Contractors Indemnity Co., supra,* 88 Cal.4th at p. 665.)

## DISPOSITION

The order denying the motion to set aside the judgment is affirmed. Costs on appeal are awarded to Respondent.

O'Leary, J., and Ikola, J., concurred.