Filed 7/29/15  County of L.A. v. Financial Casualty & Surety, Inc. CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| COUNTY OF LOS ANGELES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>FINANCIAL CASUALTY & SURETY, INC.,<br><br>        Defendant and Appellant. | B253955<br><br>(Los Angeles County<br>Super. Ct. No. SJ1573) |

        APPEAL from a judgment and an order of the Superior Court of Los Angeles County, Lia Martin, Judge.  Reversed and remanded with instructions.

        E. Alan Nunez for Defendant and Appellant.

        Mark J. Saladino, County Counsel, Ruben Baeza, Jr., Assistant County Counsel, and Debbie C. Carlos, Deputy County Counsel, for Plaintiff and Respondent.

Financial Casualty & Surety Inc. (Financial) appeals the denial of its motion to set aside summary judgment on a forfeited bail bond pursuant to Code of Civil Procedure Section 473, subdivision (b) (section 473). We hold the trial court erred in concluding that it lacked jurisdiction to consider the motion on the merits. We accordingly reverse and remand to the trial court for a hearing on the merits of Financial's motion to set aside summary judgment.

## BACKGROUND

On February 2, 2013, Financial executed a $30,000 bail bond, which was posted for the release of criminal defendant Dimitri Phelix Brannon. Following his release, Brannon was scheduled to appear in court on February 11, 2013 for arraignment. Brannon failed to appear, and the court ordered the bond forfeited. On February 19, 2013, the court clerk mailed a bail forfeiture notice to Financial. Under the notice and pursuant to Penal Code section 1305,[1] Financial had 180 days, plus five days for service by mail—until August 23, 2013—to surrender the defendant to custody or move to set aside the forfeiture. This 185-day period is commonly referred to as the exoneration period.[2]

On August 15, 2013, Financial filed a motion to extend the exoneration period. Judge James Otto in Department J called the motion for hearing at 8:30 a.m. on August 29, 2013. Financial did not appear, and the trial court took the matter off calendar. Subsequently, the matter was transferred to Judge Lia Martin, who entered summary judgment on the forfeited bond on October 4, 2013.

On October 25, 2013, Financial filed a motion to set aside summary judgment on the forfeited bond due to its attorney's mistake, inadvertence, surprise or excusable neglect (Code Civ. Proc., § 473, subd. (b)) (motion to set aside summary judgment or

---

[1] Except for references to Code of Civil Procedure section 473, all further statutory references are to the Penal Code unless otherwise stated.

[2] Courts also sometimes refer to this period as the appearance period.

section 473 motion). The attorney for Financial, Mathew J. Singer, submitted a declaration stating that on August 29, 2013, the day of the hearing on Financial's motion to extend the exoneration period scheduled in Department J, he also had to make an appearance in another matter at a different courthouse. Singer made the other appearance first and instructed his paralegal to advise Department J that he would be arriving at 10 a.m. for Financial's motion. Singer's paralegal informed him that the Department J clerk said an appearance at 10:00 a.m. was acceptable. When Singer arrived in Department J at approximately 9:45 a.m. the clerk informed him that no motions pertaining to Brannon were on calendar in that department for that day and that Financial's motion had been transferred to Department 7. When Singer arrived in Department 7, he learned that a motion pertaining to Brannon had been granted by the court. Singer then left the courthouse under the impression that Financial's motion had been granted. Sometime later, Singer learned that Brannon had a separate motion pertaining to a different bond on calendar in Department 7 and the court had granted that motion. The County of Los Angeles (County) did not dispute Singer's declaration.

The trial court heard and denied Financial's motion to set aside summary judgment on December 20, 2013. The trial court reasoned that it lacked jurisdiction to grant the relief Financial requested under section 473 because section 473 cannot be used to extend the exoneration period. Financial appealed.

## DISCUSSION

### I. Standard of Review

"Whether 'section 473 relief is available in the context of [a] bail bond forfeiture proceeding' is a question of law subject to our independent review. [Citation.]"[3] (*Financial Casualty & Surety Inc., supra,* 236 Cal.App.4th at p. 43.)

---

[3] County states that the abuse of discretion standard applies to the denial of a motion to vacate a forfeiture and exonerate a bail bond. However, Financial appeals from the denial of a motion to set aside summary judgment pursuant to section 473. We review that decision de novo. (*County of Los Angeles v. Financial Casualty* (2015) 236 Cal.App.4th 37, 43.)

3

## II. Statutes Governing Bond Forfeiture

The statutory scheme governing bail forfeitures is found in Penal Code section 1305 et seq. (*People v. North River Ins. Co.* (2011) 200 Cal.App.4th 712, 717 (*North River*).) "In interpreting these statutes, we must bear in mind that '"[t]he law traditionally disfavors forfeitures and this disfavor extends to forfeitures of bail. [Citations.] Thus, [the] Penal Code sections . . . dealing with forfeiture of bail bonds must be strictly construed in favor of the surety to avoid the harsh results of a forfeiture."' (*County of Los Angeles v. Surety Ins. Co.* (1984) 162 Cal.App.3d 58, 62 [].)" (*North River*, *supra*, 200 Cal.App.4th at p. 717.)

"Section 1305, subdivision (a) requires the trial court to declare a forfeiture of bail if a defendant fails to appear at specified court proceedings without a satisfactory excuse. Where, as here, the amount of the bond exceeds $400, the clerk of the court is required to mail notice of the forfeiture to the bail agent within 30 days of the forfeiture. (§ 1305, subd. (b).)" (*People v. Granite State Ins. Co.* (2003) 114 Cal.App.4th 758, 762 (*Granite State*).) The bail agent has 185 days after service of the notice to move to vacate the forfeiture (the exoneration period). (§ 1305, subd. (b); *Granite State*, *supra*, 114 Cal.App.4th at p. 762.) However, because the law disfavors forfeitures, a bail agent or surety may move the court to extend the exoneration period up to an additional 180 days under section 1305.4. (*People v. Accredited Surety and Casualty Company, Inc.* (2013) 220 Cal.App.4th 1137, 1147-1148; *People v. Taylor Billingslea Bail Bonds* (1999) 74 Cal.App.4th 1193, 1199.)

A motion to extend the exoneration period must be filed before the expiration of the 185-day exoneration period in section 1305, subdivision (b), and it generally must be heard within 30 days of that expiration date. (§§ 1305, subd. (j); 1305.4.) However, the court may extend the 30-day period upon a showing of good cause. (§ 1305, subd. (j).) A court that does not strictly follow these timing provisions acts in excess of its jurisdiction. (*North River*, *supra*, 200 Cal.App.4th at p. 717; *County of Los Angeles v. Surety Ins. Co.*, *supra*, 162 Cal.App.3d at p. 62.) If the exoneration period expires

4

without the forfeiture having been set aside, the trial court must declare summary judgment against the surety.  (§ 1306, subd. (a).)

**III.    Section 473**

"Section 473 provides that a court may relieve a party or his or her legal representative from a judgment, dismissal, order or other proceeding taken against a party due to 'mistake, inadvertence, surprise, or excusable neglect.'  (§ 473, subd. (b).) . . . ""'[T]he provisions of section 473 of the Code of Civil Procedure are to be liberally construed and sound policy favors the determination of actions on their merits.' [Citations.]"'  [Citation.]  '"[B]ecause the law strongly favors trial and disposition on the merits, any doubts in applying section 473 must be resolved in favor of the party seeking relief from default." [Citation.]'  [Citation.]" (*North River*, *supra*, 200 Cal.App.4th at p. 718.)

"'"Notwithstanding the broad construction afforded section 473, subdivision (b), the statute does not offer relief from mandatory deadlines deemed jurisdictional in nature. [Citation.]'  [Citation.]  Generally, section 473 does not apply to a party's failure to comply with the applicable limitations period in which to institute an action, nor can it extend the time in which a party must move for a new trial.  [Citation.]" (*North River*, *supra*, 200 Cal.App.4th at p. 718.)

**IV.    The Trial Court Had Jurisdiction to Consider Financial's Section 473 Motion on the Merits**

County contends that the court lacked jurisdiction to grant Financial's motion to set aside summary judgment because it sought to extend the jurisdictional time limits of section 1305, subdivision (j).  Relying on *People v. Stuyvesant Ins. Co.* (1963) 216 Cal.App.2d 380 (*Stuyvesant*) and *North River*, *supra*, 200 Cal.App.4th at p. 712, County argues that Financial could not use section 473 to extend those time limits.  County's reliance is misplaced.

In *Stuyvesant*, the bail agent discovered grounds for relief from forfeiture of a bail bond after the exoneration period had expired and subsequently moved to set aside forfeiture and exonerate bail.  (*Stuyvesant*, *supra*, 216 Cal.App.2d at pp. 380-381.)  The

5

court held that, despite the equities, forfeiture could not be set aside because the bail bondsman did not timely file its motion within the exoneration period. (*Id.* at p. 381.) The court further held that because the time limits established by section 1305 must be strictly adhered to, the bail agent was not entitled to relief from "'mistake, inadvertence, surprise, or excusable neglect' under section 473." (*Id.* at p. 382.)

*Stuyvesant* is distinguishable. Unlike the bail agent there, Financial timely filed its motion to extend the exoneration period within the exoneration period and timely set it for hearing within 30 days after it expired. "*Stuyvesant* does not suggest that section 473 is inapplicable where, as here, the bail agent has made a timely motion for relief from forfeiture and set the matter for a timely hearing." (*North River*, *supra*, 200 Cal.App.4th at p. 720.)

In *North River*, the bail agent's attorney failed for excusable reasons to appear at a timely set hearing on a timely filed motion to vacate forfeiture of a bail bond and exonerate bail. (*North River*, *supra*, 200 Cal.App.4th at p. 716.) The court took the matter off calendar due to the attorney's non-appearance. (*Ibid.*) The bail agent promptly discovered that the matter had been taken off calendar, and at the agent's request the court put the matter back on calendar on a date that was still within 30 days of expiration of the exoneration period. (*Ibid.*) Before the court heard the motion, it entered summary judgment. (*Ibid.*) The bail agent subsequently filed a motion to set aside summary judgment pursuant to section 473 on the grounds of attorney mistake, inadvertence, surprise, or excusable neglect. (*Ibid.*) The trial court granted the motion, and the People appealed. The *North River* court held that the trial court properly considered and granted the bail agent's motion. (*Id.* at p. 724.) The court stated that while "[s]ection 473 may not be used to extend a statutory time period," the trial court did not extend the exoneration period because "the bail agent's motion to vacate forfeiture, and the hearing on that motion, were respectively filed and set within the relevant statutory time frames. [Fn. omitted.]" (*Id.* at p. 723.)

County contends that *North River* is distinguishable because Financial failed to recalender its motion to extend the exoneration period within 30 days of its expiration,

whereas in *North River*, the bail agent recalendared its motion within that 30-day period. We do not think a trial court's jurisdiction to grant relief under section 473 in a situation such as this hinges on the bail agent's recalendaring of a motion within 30 days following the expiration of the exoneration period.  As *North River* suggests, a trial court has jurisdiction to consider a motion made pursuant to section 473 when the bail agent files its underlying motion to extend the exoneration period and sets it for hearing within the relevant statutory time frames.  That is precisely what Financial did here.

Our holding is supported by the recent case *County of Los Angeles v. Financial Casualty & Surety Inc., supra,* 236 Cal.App.4th 37.[4]  There, Financial timely filed a motion to vacate forfeiture of a bail bond and exonerate bail and set it for a timely hearing.  (*Id.* at pp. 41-42.)  The trial court took the motion off calendar when Financial's attorney failed to appear and entered summary judgment over one month later.  (*Id.* at p. 42.)  Financial did not recalendar the motion.  Instead, it filed a motion to set aside summary judgment due to its attorney's mistake, inadvertence, surprise, or excusable neglect pursuant to section 473.  (*Ibid.*)  The trial court denied Financial's motion, reasoning that it lacked jurisdiction to consider the motion because it was not heard within 30 days of the expiration of the appearance period.  (*Ibid.*)  The *Financial Casualty* court reversed and held that the trial court had jurisdiction to rule on the section 473 motion because Financial had filed its underlying motion to vacate forfeiture and set it for hearing within the respective time frames set forth in section 1305, subdivision (j). (*Id.* at p. 43.)

The same is true here.  Just as in *Financial Casualty*, Financial filed its underlying motion and set it for a timely hearing, but after the motion was taken off calendar, Financial did not recalendar the motion within 30 days of expiration of the exoneration

---

[4]     We note that *Financial Casualty* has remarkable similarities to this case.  Not only is Financial the appellant in both cases, but *Financial Casualty* also involved a motion to set aside summary judgment under section 473 based on an unrebutted assertion of misrepresentation made by a clerk in the same Department J, to the same attorney (Singer), only three days after the unrebutted assertion of the clerk's misrepresentation in this case.

period.  Nonetheless, just as in *Financial Casualty*, the trial court here had jurisdiction to hear Financial's motion to set aside summary judgment pursuant to section 473.

County suggests that the general principle stated in *North River* that "[s]ection 473 may not be used to extend a statutory time period" compels a different result.  We disagree.  Financial did not seek to extend a statutory time period with its section 473 motion.  Section 1305, subdivision (j) permits a trial court to hear a motion beyond the 30-day period upon a showing of good cause.  Courts interpreting similar statutes extending the limitations period on a showing of good cause have found that the showing required is equivalent to the showing sufficient for relief under section 473.  (See *Hanooka v. Pivko* (1994) 22 Cal.App.4th 1553, 1561.)  Thus, if Financial made a sufficient showing under section 473, it would also establish good cause to extend the hearing date for its motion to extend the exoneration period beyond the usual 30 days.  Accordingly, Financial's section 473 motion did not seek to extend a strict statutory time period, and the trial court erred in finding that it lacked jurisdiction to consider the section 473 motion.

## DISPOSITION

We reverse and remand to the trial court.  We order the trial court to vacate its order denying Financial's motion to set aside summary judgment and to hold a hearing on the merits of that motion.   Financial is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


WILLHITE, Acting P. J.



MANELLA, J.

8