Filed 4/22/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>FLORIAN BASICA,<br><br>  Defendant;<br><br>THE NORTH RIVER INSURANCE CO. et al.,<br><br>  Real Parties in Interest and<br>  Appellants. | A166580<br><br>(Alameda County Super. Ct. No. 20-CR-013581) |

  North River Insurance Company (the surety) and Bad Boys Bail Bonds (the bail agent) appeal from summary judgment entered against the surety on the same day the trial court denied appellants' motion to vacate the bail forfeiture and exonerate the bail bond.  Citing dicta from *People v. Granite State Insurance Co.* (2003) 114 Cal.App.4th 758, 770 (*Granite State*), appellants argue that entering summary judgment was an act in excess of jurisdiction because "the court's power to enter summary judgment begins on the day *following* denial of the motion."  (Italics added.)  We disagree and affirm the judgment accordingly.

# BACKGROUND

After the Alameda County District Attorney filed a felony complaint charging defendant Florian Basica with second degree robbery under Penal Code section 211,[1] the surety posted a $60,000 bond for Basica's release from custody. Months later, Basica failed to appear for his preliminary hearing, and the trial court declared the bond forfeited pursuant to section 1305.

Under the same statute, if Basica were to appear "either voluntarily or in custody after surrender or arrest in court within" 185 "days of the date of mailing of the notice" informing the surety that the bond was declared forfeited, the court would, "on its own motion . . . , direct the order of forfeiture to be vacated and the bond exonerated." (§ 1305, subds. (b)(1) & (c)(1).)[2] The bail agent moved under section 1305.4 for an extension of this exoneration period. At the hearing on the motion, the trial court granted the extension in accordance with the stipulation of the parties. Before that extension expired, the trial court granted a second motion under section 1305.4, further extending the exoneration period to July 3, 2022.

On June 22, 2022, appellants filed a motion to vacate the forfeiture and exonerate the bail bond on the ground that the trial court did not timely declare forfeiture. (§ 1305, subd. (a).) After two continuances, a contested hearing on the motion was held on October 14, 2022. At the hearing's conclusion, the trial court denied appellants' motion and then entered summary judgment against the surety. (§ 1306, subd. (a).)

---

[1] All subsequent statutory references are to the Penal Code.

[2] See § 1305, subd. (b)(1) ["If the notice of forfeiture is required to be mailed pursuant to this section, the 180-day period provided for in this section shall be extended by a period of five days to allow for the mailing"].

2

**DISCUSSION**

Appellants argue that under section 1306, subdivision (a), the trial court's entry of summary judgment was premature and, thus, an act in excess of jurisdiction. We disagree.

Section 1306, subdivision (a), vests the trial court with authority to enter summary judgment when both of the following conditions are met: (1) the "bond is forfeited," and (2) "the period of time specified in [s]ection 1305 has elapsed without the forfeiture having been set aside." Here, the parties disagree on whether the second condition was satisfied, but there is no material dispute as to the facts. Accordingly, we conduct an independent review. (*People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592.)

Under section 1305, subdivision (c)(1), the trial court must vacate the forfeiture and exonerate the bail if "the defendant appears either voluntarily or in custody after surrender or arrest in court within 180 days of the date of forfeiture or within 180 days of the date of mailing of the notice [of forfeiture] if the notice is required . . . ." Additionally, if "the notice of forfeiture is required to be mailed," the 180-day exoneration period "shall be extended by a period of five days to allow for the mailing." (§ 1305, subd. (b)(1).) "Notwithstanding section 1305, the surety insurer, the bail agent, the surety, or the depositor may file a motion, based upon good cause, for an order extending the 180-day period provided in that section." (§ 1305.4.)

Here, the exoneration period began when the clerk mailed notice of the forfeiture on June 28, 2021. Because notice of forfeiture was required to be mailed, the standard 180-day exoneration period was extended by five days under section 1305, subdivision (b)(1), and the last day of this initial 185-day exoneration period was December 30, 2021. Before that date, the trial court

3

granted two extensions under section 1305.4, resulting in a longer exoneration period whose last day was July 3, 2022. No further extension of the exoneration period was granted. Consequently, by the time the trial court entered summary judgment on October 14, 2022, the bond had been forfeited, and "the period of time specified in [s]ection 1305 ha[d] elapsed without the forfeiture having been set aside." (§ 1306, subd. (a).) The requirements of section 1306 were therefore satisfied, and the court acted within its jurisdiction in entering summary judgment.

In arguing against this conclusion, surety relies on *Granite State*, *supra*, 114 Cal.App.4th 758. There, before the exoneration period expired, the appellant filed a timely motion to vacate the forfeiture and exonerate bail under former subdivision (i)[3] of section 1305. (*Granite State,* at p. 760.) Under the same subdivision, the trial court granted good-cause extensions of the period in which the motion could be heard. (*Ibid*.) For that reason, the hearing was not held until five months after the exoneration period had expired, and the trial court did not enter summary judgment until a month after the hearing. (*Id*. at p. 762.) Citing section 1306's requirement that a court enter summary judgment " 'within 90 days after the date upon which it may first be entered,' " the appellant argued that the trial court acted in excess of jurisdiction by entering summary judgment more than 90 days after the end of the exoneration period. (*Id*. at p. 763.)

The Fifth District disagreed. Because the court may first enter summary judgment when the exoneration period "has elapsed without the forfeiture being set aside" (§ 1306, subd. (a)), and the forfeiture may still be set aside when the court hears a motion to vacate forfeiture after the

---

[3] The 1999 amendments to section 1305 incorporated this provision into newly added subdivision (i). (§ 1305, subd. (i), as amended by Stats. 1999, ch. 570, § 2.)

expiration of the exoneration period, the *Granite State* court concluded that "in cases where a motion to vacate forfeiture is timely filed prior to the expiration of the exoneration period, but not decided until after that period, the 90-day period to enter summary judgment begins to run when the motion is denied." (*Granite State*, *supra*, 114 Cal.App.4th at p. 767.) Later in the opinion, the court summarized that conclusion as follows: "[W]here a surety timely files a motion to vacate forfeiture prior to the expiration of the exoneration period, and the motion is decided after expiration of that period as provided under section 1305, subdivision (i), the court's power to enter summary judgment *begins on the day following denial of the motion* and expires 90 days later." (*Id.* at p. 770, italics added.)

As the People persuasively argue, this summary of the appellate court's conclusion is dicta. "It is axiomatic that cases are not authority for propositions not considered." (*People v. Ault* (2004) 33 Cal.4th 1250, 1268, fn. 10.) And the resolution of the issue presented in *Granite State* did not turn on whether the court's jurisdiction to enter summary judgment began immediately after the denial of the surety's motion or on the next calendar day; in either case, the trial court's jurisdiction would not have expired until 90 days after the hearing.[4]

We read *Granite State*'s dictum that "the court's power to enter summary judgment begins on the day following denial of the motion" as a general reference to how the 90-day period of section 1306, subdivision (c), is calculated. (*Granite State*, *supra*, 114 Cal.App.4th at p. 770.) *People v.*

_____

[4] That the court must enter summary judgment "within 90 days after the date upon which it may first be entered" establishes only when the trial court's jurisdiction to enter summary judgment *ends*. (§ 1306, subd. (c).) It says nothing about when that jurisdiction begins, which is a question governed by section 1306, subdivision (a).

*Bankers* (2021) 65 Cal.App.5th 350 supports this conclusion. In that case, Division Two of this court acknowledged *Granite State* for the proposition that "in cases where a motion to vacate forfeiture is timely filed prior to the expiration of the [appearance] period, but not decided until after that period, the 90-day period to enter summary judgment begins to run *when the motion is denied*." (*Id.* at p. 357, italics added.) *Bankers* then applied this rule to its facts, stating "under *Granite State*, the trial court's 90-day period to enter summary judgment began after the court denied the Surety's motion on April 15, 2019. That period expired July 15, 2019." (*Id.* at p. 358.) In light of the conclusion we reach in the present case, a more precise way of articulating the rule encountered in both *Granite State* and *Bankers* is that, under circumstances like the ones presented in those cases, the day after the denial of the motion to vacate forfeiture is the first day of the 90-day period after which summary judgment cannot be entered. In short, there is no reason to imagine that *Granite State* considered the question posed by this appeal.

Nor was the question before us addressed in *People v. United States Fire Ins. Co.* (2015) 242 Cal.App.4th 991, or *People v. Aegis Security Ins. Co.* (2005) 130 Cal.App.4th 1071, cited in appellants' reply. In those cases, the post-exoneration-period acts of entering summary judgment were premature because they occurred before the appellants' timely motions to vacate forfeiture were heard. (*U.S. Fire*, at p. 997; *Aegis*, at p. 1074.) "Holding the hearing after the exoneration period has expired does not extend that period, which is the period of time for filing a motion to vacate and establishing the grounds for relief, but does extend the time to actually set aside the forfeiture." (*Granite State*, *supra*, 114 Cal.App.4th at p. 768.) As a result, when the trial courts in *U.S. Fire* and *Aegis* entered summary judgment, there was still time to set aside the forfeitures. By contrast, the trial court

6

here denied appellants' motion to vacate the forfeiture and exonerate bail before it entered summary judgment; in other words, the "time to actually set aside the forfeiture" had already ended. (*Ibid*.) Thus, at the time summary judgment was entered, the exoneration period here had certainly elapsed "without the forfeiture having been set aside" (§ 1306, subd. (a)), whereas in *U.S. Fire* and *Aegis*, that determination remained to be made.

Finally, we reject appellants' argument that our construction of "the period of time specified in [s]ection 1305" fails to account for section 1305, subdivision (j). (§ 1306, subd. (a).) " '[T]he period of time specified in section 1305' " is the exoneration period — the time during which the facts supporting a motion to exonerate "must be in existence." (*Granite State*, *supra*, 114 Cal.App.4th at p. 768.) On the other hand, section 1305, subdivision (j), refers to the time during which such a motion may be heard. As *Granite State* established, these are two distinct periods of time. (*Granite State*, at p. 768.) It makes little sense for the singular "period of time" contemplated by section 1306, subdivision (a), to refer to two different periods: the hearing period in cases where a motion to exonerate is heard after the exoneration period, and the exoneration period in others.

Section 1306, subdivision (a), authorizes the trial court to enter summary judgment when the bond has been forfeited and the exoneration period has elapsed without the forfeiture having been set aside. Here, the bond was forfeited, and the denial of appellants' motion to exonerate established that the exoneration period had elapsed without the forfeiture having been set aside. Entering summary judgment was, therefore, an act within the trial court's jurisdiction.

**DISPOSITION**

We affirm.


SMILEY, J. *


We concur:


STREETER, Acting P.J.
GOLDMAN, J.

*People v. Basica* (A166580)

---

* Judge of the Superior Court of California, County of Alameda, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

Trial Judge:       Hon. Thomas Reardon

Trial Court:      Alameda County Superior Court

Attorneys:       Jefferson T. Stamp for Real Parties in Interest and Appellants.

                    Donna R. Ziegler, County Counsel, John A. Melis, Deputy County Counsel, for Plaintiff and Respondent.