[No. B126448. Second Dist., Div. Four. Nov. 9, 2000.]

COUNTY OF LOS ANGELES, Plaintiff and Respondent, v.
NOBEL INSURANCE COMPANY, Defendant and Appellant.

**COUNSEL**

Nunez & Bernstein and E. Alan Nunez for Defendant and Appellant.

Lloyd W. Pellman, County Counsel, Louis V. Aguilar, Assistant County Counsel, and H. Anthony Nicklin, Deputy County Counsel, for Plaintiff and Respondent.

## OPINION

**HASTINGS, J.**—Surety appeals from an order denying its motion to vacate summary judgment on a bail bond, contending, among other arguments, that the court lost jurisdiction to enter summary judgment 90 days after the expiration of an extended 180-day period provided by Penal Code sections 1305 and 1305.4.[1] We disagree. Surety filed a timely notice of motion to exonerate the bond and pursuant to subdivision (c)(4) of section 1305, the court found good cause to extend hearing of this motion until January 15, 1998, at which date the motion was denied. Summary judgment was entered within 90 days from the date of the denial of the motion.

### BACKGROUND

Appellant Nobel Insurance Company executed a bail bond, which was posted for the release of a criminal defendant. On September 25, 1996, the defendant failed to appear for trial and the court ordered his bail forfeited. Notice of forfeiture was properly served on appellant and its bail agent on October 2, 1996. The 180-day period for the surety to move to vacate the forfeiture and exonerate the bond, pursuant to section 1305, was extended by the trial court for an additional 180 days, to September 27, 1997.[2]

On September 26, 1997, appellant filed a motion to vacate forfeiture and exonerate bail, which was scheduled for hearing on October 20, 1997. Hearing on appellant's motion was continued several times.

The minute order of October 20, 1997, states: "Motion to toll time from September 27, 1997 to November 24, 1997 is granted. The court finds good cause."

The minute order of November 24, 1997, states: "The court finds good cause to toll time from this date to December 1, 1997."

On December 1, 1997, various witnesses were sworn and testified in connection with appellant's motion. After the last witness was called, the

---

[1] All further references will be to this code unless otherwise noted.

[2] The trial court's minute order purported to "toll" the 180 days, pursuant to section 1305.4. However, that section provides for extending, not tolling. It reads: "Notwithstanding Section 1305, the surety insurer, the bail agent, the surety, or the depositor may file a motion, based upon good cause, for an order extending the 180-day period provided in that section. The motion shall include a declaration or affidavit that states the reasons showing good cause to extend that period. The court, upon a hearing and a showing of good cause, may order the period extended to a time not exceeding 180 days from its order. A motion may be filed and calendared as provided in subdivision (i) of Section 1305."

court held a sidebar conference which was not reported. The reporter's transcript then notes: "(Proceedings continued to Monday, December 15, 1998, at 8:30 a.m.)" The minute order states: "The court finds good cause to toll time from this date to December 15, 1997."

On December 15, 1997, the court was ready to proceed but counsel for appellant requested a continuance: "THE COURT: Calling the case of People versus Gutierrez. The matter is set for the bond hearing. [¶] And I understand this morning that we need a new date because, Mr. Bernstein [counsel for appellant], you did not receive—I guess you did receive the People's motion, but you haven't had a chance to respond, and you would like to. [¶] MR. BERNSTEIN: Well, I received it before court this morning, that's correct, and I would like to write a reply. [¶] THE COURT: All right. I will appreciate a reply. [¶] What day? January 15th? [¶] MR. BERNSTEIN: January 15th. [¶] THE COURT: Is that agreeable to both sides? [¶] Ms. KORN [counsel for the People]: That is agreeable. [¶] THE COURT: Okay. January 15th will be a Thursday." The minute order recites: "The court finds good cause to toll time from this date to January 15, 1998."

On January 15, 1998, the court heard appellant's motion to vacate forfeiture and exonerate bail. After argument, the court denied the motion. Within 90 days thereafter, on April 10, 1998, summary judgment was entered against appellant. Notice of entry of judgment was mailed to appellant on the same day.

On April 20, 1998, appellant filed a motion to vacate the judgment on the ground that the court lacked jurisdiction to enter summary judgment because it was entered more than 90 days beyond the 180-day extension to September 27, 1997. The motion was supported by the declaration of Mark Bernstein. Mr. Bernstein noted the history up through filing of appellant's motion on September 26, 1997, and then stated: "Opposition to the motion was filed and the hearing on the motion was continued on several occasions as additional pleadings were filed by the parties." The motion was denied on October 1, 1998. Appellant filed a timely notice of appeal from that order.

DISCUSSION

I

■ The statutes governing the forfeiture or exoneration of bail are to be strictly construed in favor of the surety. (*People v. Ranger Ins. Co.* (1998) 66 Cal.App.4th 1549, 1552 [78 Cal.Rptr.2d 763].) The statutory requirements must be strictly followed or the court acts without or in excess of its

jurisdiction. (*People v. American Surety Ins. Co.* (1999) 75 Cal.App.4th 719, 725 [89 Cal.Rptr.2d 422].)

Section 1305, subdivisions (c), (d), and (e), provides a 180-day period, plus five days, running from the mailing of notice of forfeiture, within which a surety may obtain relief by various means, including the filing of a motion to vacate. Section 1305.4 allows an extension of up to 180 days beyond the original 180-day period, upon motion supported by a showing of good cause. A motion to vacate forfeiture and exonerate the bond filed before the expiration of the 180-day period may be heard within 30 days after expiration of the 180 days, *plus any extensions for good cause.* (§ 1305, subd. (c)(4).)

"When any bond is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture, regardless of the amount of the bail, shall enter a summary judgment against each bondsman named in the bond. . . ." (§ 1306, subd. (a).) "If, because of the failure of any court to promptly perform the duties enjoined upon it pursuant to this section, summary judgment is not entered within 90 days after the date upon which it may first be entered, the right to do so expires and the bail is exonerated." (§ 1306, subd. (c).)

On March 17, 1997, when the trial court granted appellant's motion to extend the 180-day period, it calculated the extended period to end on September 27, 1997. However, since five days are added to the initial 180 days due to the mailing of the notice of forfeiture, the 180-day extension ended on October 2, 1997, not September 27, 1997. (§ 1305, subd. (b); see *People v. American Surety Ins. Co., supra,* 75 Cal.App.4th at p. 722.)

■ Appellant timely filed a motion to vacate the forfeiture on September 27, 1997, and set the matter for hearing on October 20, 1997. This original hearing date fell within the 30 days after expiration of the extended 180-day period, an acceptable date if subdivision (c)(4) of section 1305 applies. Appellant argues that the 30 days allowed applies only to the first 180 days and not to an extension pursuant to section 1305.4. We cannot agree. Section 1305.4 does not create its own distinct 180-day period; it extends the 180-day period provided within section 1305. Thus, the extended 180-day period carries over all of the provisions applicable to the first 180-day period.

The question becomes whether the court had good cause to extend the hearing beyond October 20, 1997, ultimately to January 15, 1998.

The declaration of Mark Bernstein in support of the motion to vacate the judgment stated that the court continued the matter until January 15, 1998, "as additional pleadings were filed by the parties." We are not supplied with any reporter's transcripts for dates prior to December 1, 1997, and the record is very sparse on what occurred between October 20 and December 1. We do know that on December 1, the parties appeared and witnesses were called in connection with appellant's motion. On December 15, counsel for appellant asked for additional time to respond to papers filed by the People. The matter was finally resolved on January 15, 1998. This record suggests that the court acquiesced in continuances to accommodate the parties and to allow for a full presentation of appellant's motion. We conclude that the record, as a whole, supports the findings of good cause by the court set out in each of the minute orders from October 20, 1997, through January 15, 1998.

Because summary judgment was entered within 90 days from January 15, 1998, on April 10, 1998, it was timely entered. (*County of Los Angeles v. Surety Ins. Co.* (1984) 152 Cal.App.3d 16, 21-24 [199 Cal.Rptr. 351].)

## II

Relying on *People v. American Surety Ins. Co.* (2000) 77 Cal.App.4th 1063 [92 Cal.Rptr.2d 216], appellant contends that his motion should have been granted because the defendant was deported. As factual support for this argument, appellant cites to that portion of the clerk's transcript that is the declaration of Renee Korn, the prosecutor involved in the underlying action, filed in opposition to the motion to vacate the judgment. The declaration does not provide evidence to support appellant's argument. It merely characterizes the legal strategy of appellant in connection with the original motion to vacate: "On [December 1, 1997] Mark Bernstein changed the strategy of this motion by conceding the issue concerning the arrest of this person named Jose Gutierrez in San Bernardino by some bounty hunters and then *argued* that the forfeiture should be set aside because the real Jose Gutierrez was arrested up in Stanislaus County and was deported." (Italics added.)

█ "The determination of a motion to set aside an order of forfeiture is entirely within the discretion of the trial court, not to be disturbed on appeal unless a patent abuse appears on the record. [Citations.]" (*People v. Wilcox* (1960) 53 Cal.2d 651, 656 [2 Cal.Rptr. 754, 349 P.2d 522, 78 A.L.R.2d 1174].) " 'The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion

and thereby divest the trial court of its discretionary power.' [Citations.]" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 [86 Cal.Rptr. 65, 468 P.2d 193].)

A miscarriage of justice occurs when it appears that a result more favorable to the appealing party would have been reached in the absence of the alleged errors. (*People v. Watson* (1956) 46 Cal.2d 818, 836 [299 P.2d 243]; Cal. Const., art. VI, § 13; Code Civ. Proc., § 475.) The burden is on the appellant in every case to show that error has resulted in a miscarriage of justice. (*Cucinella v. Weston Biscuit Co.* (1954) 42 Cal.2d 71, 83 [265 P.2d 513].) Further, "appellant bears the duty of spelling out in his brief exactly how the error caused a miscarriage of justice." (*Paterno v. State of California* (1999) 74 Cal.App.4th 68, 106 [87 Cal.Rptr.2d 754].) Since appellant has not done so here, we presume that the trial court properly exercised its discretion in this regard.

### DISPOSITION

The judgment is affirmed. Respondent shall have its costs on appeal.

Epstein, Acting P. J., and Curry, J., concurred.

A petition for a rehearing was denied December 1, 2000, and appellant's petition for review by the Supreme Court was denied January 24, 2001.