Filed 5/19/16  Marriage of J. & O. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| In re the Marriage of DENISE J. and A.O. | B263999 |
| _____ | |
| | (Los Angeles County |
| DENISE J., | Super. Ct. No. BD578499) |
|     Plaintiff and Respondent, | |
|     v. | |
| A.O., | |
|     Defendant and Appellant. | |

APPEAL from orders of the Superior Court of Los Angeles County.  Patrick A. Cathcart, Judge.  Affirmed.

A.O., in pro per., for Defendant and Appellant.

PROTOTYPES and Amanda Jancu for Plaintiff and Respondent.

_____

A.O. (Father) appeals from an order granting Denise J. (Mother) sole legal and joint physical custody of their children, M.J. (Daughter), now age 7, and M.J. (Son), now age 5 (collectively Children), and a domestic violence restraining order in favor of Mother against Father. Father argues, in part, that substantial evidence did not support the orders, but his failure to provide a reporter's transcript or a settled statement on appeal defeats these claims. We affirm.

## BACKGROUND

Mother and Father married in October 2008 but separated shortly thereafter in March 2009. Daughter was born a month after their separation in April 2009. Son was born in October 2010. Mother filed for divorce in 2013.

In February 2013, the court granted Mother a temporary restraining order (TRO) against Father, but less than a month later dissolved it and denied her request for a more permanent one. In May 2013, after Mother and Father attended conciliation court, the court modified its custody order, granting Mother and Father joint legal custody and approving a new visitation schedule.[1] In the months that followed, Father accused Mother of failing to comply with the visitation agreement by arriving late to, or not at all for, numerous visits. In June 2014, after both parents filed for modification of the visitation and custody orders, the court granted Mother more visitation. In August 2014, although Father had again accused Mother of failing to comply with the orders and threatening him, the court denied Father's ex parte request for further modification.

On February 27, 2015, the court issued Mother and Children another TRO against Father, temporarily granted Mother sole legal and physical custody, and ordered mediation. That same day, Mother again filed for a more permanent restraining order. In March 2015, Father filed for sole custody and more visitation. On March 19, 2015, the court held a hearing during which both Mother and Father testified and each called an additional witness; the court also admitted several exhibits into evidence. The court

---

[1] "Conciliation court" is now referred to as the Family Court Services Department.

dissolved the TRO, issued a five-year restraining order in favor of Mother against Father based on his domestic violence against her, and modified the existing custody arrangement by granting Mother sole legal and primary physical custody. In its order, the court noted that Father had not rebutted the Family Code section 3044[2] presumption that, in a custody dispute, it is not in the best interest of children to award sole or joint physical or legal custody to a party who has perpetrated domestic violence against the other party seeking custody.[3] (§ 3044, subd. (a).) In April 2015, the court denied Father's request to modify the order. Father appealed, but did not submit a reporter's transcript or settled statement on appeal.[4]

## DISCUSSION

Father argues the trial court erred in granting Mother custody because (1) Father is in a better position to care for Children, (2) Mother is an unfit parent, and (3) Mother, admittedly, has failed to abide by the custody and visitation orders. He also argues the court erred because (4) Mother perjured herself, (5) Father was not shown Mother's evidence until just before the hearing, and the court did not admit some of his proffered evidence, and (6) the court did not instruct him on the section 3044 presumption.

We review custody and visitation orders for abuse of discretion. (*Chalmers v. Hirschkop* (2013) 213 Cal.App.4th 289, 299 (*Chalmers*).) To demonstrate an abuse of discretion, it " ' "is wholly insufficient" ' " to simply present " ' "a state of facts, a consideration of which, for the purpose of judicial action, merely affords an opportunity for a difference of opinion. An appellate tribunal is neither authorized nor warranted in substituting its judgment for the judgment of the trial judge. To be entitled to relief on appeal from the result of an alleged abuse of discretion it must clearly appear that the

---

[2] We assume the court's reference to section "3034" in its order was in error because such a section does not exist, and infer that the referred to section was section 3044.

[3] Undesignated code references are to the Family Code.

[4] Father requested to prepare a settled statement on appeal, but we denied his request because it was untimely.

3

injury resulting from such a wrong is sufficiently grave to amount to a manifest miscarriage of justice." ' " (*Ibid.*)

On appeal, Father has the burden to demonstrate reversible error. (*County of Los Angeles v. Nobel Ins. Co.* (2000) 84 Cal.App.4th 939, 945; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574.) In the absence of a reporter's transcript or settled statement proving the contrary, we presume every fact in favor of the judgment.[5] (*Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564.)

## A.    Factual grounds

Father has done nothing more than present " ' "an opportunity for a difference of opinion." ' " (*Chalmers*, *supra*, 213 Cal.App.4th at p. 299.) The evidence relating to the best interest analysis required by section 3044 was mixed, as Mother and Father each have strengths and weaknesses, and could result in differing opinions. For example, Father has a permanent residence with three bedrooms, whereas Mother is staying at a domestic violence shelter. Mother, however, has an extended family she relies on to help care for Children, although Father has alleged the family has assaulted and threatened him in front of Children and possibly sexually abused Children. Mother has accused Father of domestic violence, but Father has accused Mother of being unstable and abandoning Children. Both have cared for Children. Both have been awarded and denied custody at various points. Neither has a full-time job with steady income. Because we do not reexamine evidence or make new credibility determinations when reviewing for abuse of discretion, we affirm the trial court's finding that Father did not rebut the section 3044 presumption because there was evidence that it was in the best interest of Children to award Mother custody. (*Schneer v. Llaurado* (2015) 242 Cal.App.4th 1276, 1285–1286 (*Schneer*).) Father also did not address in his brief any of

---

[5] Father does not appear to argue that the court erred in finding he perpetrated domestic violence against Mother or in issuing the attendant restraining order. Even if he had, we cannot test the factual basis for such an argument without a reporter's transcript or settled statement and presume the findings and order are correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

the section 3044 factors, such as completion of a batterer's treatment program, which would have weighed in favor of rebutting the presumption.  (§ 3044, subd. (b)(2).)

**B.    Other grounds**

Father's other arguments fail to establish reversible error.  First, Father contends Mother perjured herself and implies that the court should have consequently discredited her arguments.  A review of the record does not establish any significant discrepancies between the accounts Mother gave of Father's abuse in February 2013 and then in February 2015 and, in any case, the trial court had the discretion to judge Mother's credibility and weigh her testimony accordingly.  (*Schneer*, *supra*, 242 Cal.App.4th at 1285–1286.)

Second, Father contends Mother did not give him her evidence until moments before the hearing began.  Even if this were true, Father has not demonstrated on appeal the significance, if any, of the admitted evidence or how he was prejudiced by its admission, nor has he argued the evidence was inadmissible.  As to the court's alleged refusal to admit Father's evidence, Father failed to explain on appeal what evidence he offered, how the court erred in refusing to admit it, or how he was prejudiced.  In absence of Father substantively arguing error, we will not reverse on his evidentiary grounds.  (*Lewis v. City of Benicia* (2014) 224 Cal.App.4th 1519, 1539.)

Third, and finally, Father alleges he was not aware he needed to rebut the section 3044 presumption.  Section 3044 requires a court to notify a party of the presumption only prior to mediation, and here Mother and Father did not enter into mediation but instead the court adjudicated their claims in a hearing.  (*Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 825.)

5

## DISPOSITION

The orders are affirmed.  Denise J. is awarded her costs on appeal, if any, under California Rules of Court, rule 8.278.

NOT TO BE PUBLISHED.


LUI, J.

We concur:


ROTHSCHILD, P. J.


JOHNSON, J.