Filed 7/8/16  P. v. Indiana Lumbermens Mutual Ins. Co. CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B259849 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. SJ3946, TA127877) |
| INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, David R. Fields, Judge.  Affirmed.

John M. Rorabaugh for Defendant and Appellant.

Mary C. Wickham, County Counsel, Ruben Baeza, Jr., Assistant County Counsel, Brian T. Chu, Principal Deputy County Counsel, Lindsay Yoshiyama, Deputy County Counsel, for Plaintiff and Respondent.

_____

Bail surety Indiana Lumbermens Mutual Insurance Company (Lumbermens) appeals from a trial court order denying Lumbermens' motion to set aside summary judgment. We affirm.

## BACKGROUND

On August 21, 2013, Lumbermens (through its agent Remedy Bail Bonds) posted a $100,000 bail bond to secure the release of criminal defendant Cesar Cruz (Cruz).[1] Cruz failed to appear at a hearing on December 4, 2013, and the trial court (Judge Eleanor J. Hunter) declared the bail forfeited. The court clerk served the order of forfeiture by mail to Lumbermens on December 6, 2013.

Cruz's appearance period (during which the order of forfeiture could be set aside, should he appear in court) was set to expire on June 9, 2014. On June 6, 2014, Lumbermens moved pursuant to Penal Code section 1305.4[2] to extend the appearance period for an additional 180 days. A declaration from an investigator described his efforts to locate Cruz and stated that he believed he could locate and surrender Cruz if the court granted the extension. On June 9, 2014, the case was transferred to Judge John T. Doyle.

On June 20, 2014, Judge Doyle heard Lumbermens' motion to extend. Judge Doyle stated, "It's a motion to extend time on the bond. How much time did you want and what's the People's position?" The district attorney interjected, "Your honor, the bond was forfeited by Judge Hunter on December 4th of 2013. I have a transcript from the proceedings. So I—I don't think counsel was aware of that. So I did just show him that if the court would like to look at it. But it was forfeited." The court responded, "If that's what you say, that's what happened. Counsel." Lumbermens' attorney replied, "Your honor, I would just submit on your ruling." Judge Doyle denied the motion to extend the appearance period.

---

[1] An information charged Cruz with one count of forcible oral copulation in violation of Penal Code section 288a, subdivision (c)(2)(a), and one count of lewd act upon a child under 14 in violation of Penal Code section 288, subdivision (c)(1).

[2] All further statutory references are to the Penal Code.

On June 23, 2014, the clerk of court entered summary judgment against Lumbermens for $100,000 plus $435 in costs. Notice of entry of judgment was filed and entered the same day and mailed to the parties.

Lumbermens filed a motion to set aside the summary judgment on August 15, 2014, and the motion was assigned to Judge David R. Fields. Lumbermens argued that Judge Doyle had mistakenly ruled that the motion to extend time was itself not timely filed, and had failed to consider the merits of the motion. Lumbermens requested that the court set aside the summary judgment, and either vacate the forfeiture and exonerate bail or extend time. The People filed an opposition arguing that the trial court was without jurisdiction, as the summary judgment had been entered as required by section 1306. Lumbermens' proper remedy was to file an appeal rather than to file a collateral attack on the summary judgment, and in any event the motion to extend was properly denied on the merits.

At the hearing on October 24, 2014,[3] Judge Fields began by stating, "I think there was an error made in applying the statute, in terms [of] the dating, the dates here, but I don't see it as a void order, or as voidable order." Lumbermens' counsel argued that if the court set aside the summary judgment, "the proper relief would be to extend time." Cruz had since been located and was now in county custody, so the effect of an extension "would be to exonerate the bond." The People argued that the court "does not have the jurisdiction to reverse the previous judge's denial of the [extension] motion now, extend the appearance period so that the bond can be exonerated based on information that took place after the appearance period," and Lumbermens' proper remedy was to file an appeal. Lumbermens' counsel stated, "I wouldn't necessarily disagree with that if this was denied on the merits," but "there are certain advantages to do this as a motion to vacate because it happens much faster." Judge Fields observed, "[I]t was almost like a no-brainer for [Judge Doyle] to deny that motion because both sides kind of agreed to

---

[3] Also on October 24, 2014, before Judge Doyle, Cruz pleaded guilty and Judge Doyle sentenced him to two years in state prison, plus fines and fees, and ordered him to register as a sex offender.

3

that, thought that that was the right result," and asked whether counsel for Lumbermens had not objected because he "was made aware of a fact that really was, as it turned out, in error." The People pointed out that the district attorney merely had correctly stated that bail was forfeited on December 4, 2013, there was no argument that the motion for extension was untimely, and Lumbermens' counsel had not objected. Further, "even if the 1305.4 motion was improperly denied—[¶] . . . [¶] . . . —this court does not have jurisdiction to reverse." Summary judgment had been properly entered in accordance with section 1306, and "that's the end of the story at this stage of the proceedings." Judge Fields stated, "In other words, they—if they want to attack what happened in the other court, they need to appeal that."

Examining the transcript of the earlier hearing, Judge Fields pointed out that Lumbermens had submitted on the court's ruling, so that there was no reason for Judge Doyle to talk about the merits. While the "record isn't as clear as it could be," Judge Fields stated, "[T]he court consider[end] the motion as pointed out by [the People] . . . and denied it, you know." Lumbermens' counsel had accepted the representation made by the People, "and that's where it went." Judge Fields denied Lumbermens' motion to set aside summary judgment. Lumbermens filed this timely appeal.

## DISCUSSION

"'The statutory scheme governing bail forfeitures is found in . . . section 1305 et seq. These provisions must be carefully followed by the trial court, or its acts will be considered without or in excess of its jurisdiction.'" "Because of the harsh results of forfeiture and the jurisdictional nature of statutory compliance, appellate courts carefully review the record to ensure strict statutory compliance." (*People v. United States Fire Ins. Co.* (2015) 242 Cal.App.4th 991, 998–999.) "'The determination of a motion to set aside an order of forfeiture is entirely within the discretion of the trial court, not to be disturbed on appeal unless a patent abuse appears on the record. [Citations.]' [Citation.] "'The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice[,] a

4

reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.'"'" (*County of Los Angeles v. Nobel Ins. Co.* (2000) 84 Cal.App.4th 939, 944–945.)

Section 1305, subdivision (a)(4) provides that a court shall declare a bond forfeited if a defendant fails to appear in open court when required. Subdivisions (b) and (c)(1) provide that a surety is released from all obligations under the bond if during a 180-day appearance period after bail is forfeited (plus five days for mailing), the defendant appears either voluntarily or in custody. If the defendant does not appear during that period, the bail is forfeited. (§ 1305, subd. (a)(4).) Under section 1305.4, the surety may file a motion for an order extending the appearance period, supported by a declaration stating the reasons showing good cause for an extension. Upon a hearing and a showing of good cause, the court may extend the appearance period for up to an additional 180 days. In the absence of a successful motion to extend the appearance period, "[w]hen [the bail] is forfeited and the period of time specified in Section 1305 has elapsed without the forfeiture having been set aside, the court which has declared the forfeiture shall enter a summary judgment" against the surety for the amount of the bond plus costs. (§ 1306, subd. (a).)

As required by section 1306, subdivision (a), after Judge Doyle denied the motion to extend the appearance period, the clerk entered summary judgment on June 23, 2014, ordering Lumbermens to pay $100,435. Notice of entry was filed, and a copy was mailed to Lumbermens. Within 60 days of the mailing (before the judgment became final), Lumbermens filed a motion to set aside the summary judgment. (See *People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 659.) Judge Fields denied the motion to set aside the summary judgment, and Lumbermens appealed.

Lumbermens argues that Judge Doyle abused his discretion when he denied the extension motion as untimely, and further contends the showing of good cause in the declaration was sufficient. The issue on appeal, however, is whether Judge Fields abused his discretion when he concluded after hearing argument from the parties that Judge

5

Doyle had *not* ruled on the timeliness of the extension motion, and denied the motion to set aside the summary judgment.

Judge Fields carefully considered the parties' arguments and the transcript of the earlier hearing, and concluded that Judge Doyle had not ruled that the extension motion was untimely.  Before Judge Doyle, neither party addressed whether the motion to extend was within the statutory 180-day period (plus five days for mailing) following the forfeiture.  Counsel for Lumbermens simply submitted on the ruling of the court.  While the transcript of the hearing on the motion to extend is not a model of clarity, Judge Field's conclusion was reasonable, and no abuse of discretion occurred.[4]

## DISPOSITION

The order is affirmed.  Costs on appeal are awarded to the People.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


LUI, J.

---

[4] As it was not an abuse of discretion to conclude that Judge Doyle did not base his ruling on timeliness, we do not address the parties' arguments regarding Judge Fields' jurisdiction to review such a ruling.