Filed 11/19/20  P. v. Continental Heritage Ins. Co. CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B298148 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. SJ4597 |
| v. | |
| CONTINENTAL HERITAGE INSURANCE COMPANY, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Victoria B. Wilson, Judge.  Affirmed.

Law Offices of Brendan Pegg and Brendan Pegg for Defendant and Appellant.

Mary C. Wickham, County Counsel, Adrian G. Gragas, Assistant County Counsel, and Jonathan McCaverty, Principal Deputy County Counsel, for Plaintiff and Respondent.

—————————

In this bail forfeiture case, Continental Heritage Insurance Company appeals the denial of its motion to vacate forfeiture and exonerate the bail bond. Appellant contends the motion should have been granted because the felony fugitive warrant issued after criminal defendant Blake Kennedy Box II failed to appear in court was entered into the National Crime Information Center (NCIC) as "non-extraditable," a denotation inconsistent with the statutory requirements and intent of Penal Code[1] section 980, subdivision (b). Regardless of the extraditability of the defendant based on the warrant, we conclude appellant has failed to carry its factual burden. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 7, 2018, criminal defendant Blake K. Box II was released from custody after appellant Continental Heritage Insurance Company posted a bail bond of $75,000 securing his future appearances in court on his felony case. Defendant Box also had a pending misdemeanor case where he had been released on a separate bond.

On February 14, 2018, Box failed to appear and the court ordered the bond forfeited. Then began the hunt for defendant Box. According to the declaration of James Butler attached to the motion to vacate, defendant was out on bond posted in two separate California cases, case No. 8AR31641 and case No. BA465139. Butler, a licensed private investigator in Florida, was "given the assignment to identify the location and assist in the apprehension of a Defendant who was a fugitive out of California." Butler located him in Miami, Florida. Butler

---

[1] All further undesignated statutory references are to the Penal Code.

contacted the Miami-Dade Police Department's Warrants Division and was told there was no warrant in their system for defendant.  The police department told Butler that any attempt to arrest the defendant in Florida could result in charges being brought against him or his agents.  Butler informed appellant of these facts and suggested appellant contact the Los Angeles District Attorney for assistance.  The District Attorney was contacted and advised appellant by letter dated May 1, 2018, that as to warrant for case No. 8AR31641,[2] "We have evaluated the case for possible extradition from Florida and have determined that we will not seek the defendant's extradition at this time." The letter said nothing about defendant's felony warrant in case No. BA465139.

On January 25, 2019 appellant moved to vacate the forfeiture and exonerate the bail bond in the felony case.  Based upon Butler's declaration, appellant argued that the felony warrant had not been entered into NCIC in violation of the requirements of section 980, subdivision (b).  The parties have not provided us with Respondent's opposition to the motion so we do not know what evidence, if any, respondent may have presented to the trial court.

Appellant's reply proceeded on the assumption that the felony warrant, like the misdemeanor warrant, had in fact been entered in NCIC, but it was entered as "non-extraditable."  The Reply states:  "Nor is there any dispute that the warrant in this matter was entered as non-extraditable and that because of that designation, the defendant's warrant could not be served in

---

[2]     We note case No. 8AR31641 in Los Angeles County denotes a misdemeanor prosecution.

3

Florida." Appellant pivoted from its original argument and argued that designating the felony warrant as "non-extraditable" was equivalent to not entering the warrant into NCIC at all because the surety could not act upon it to return defendant to California.

On April 5, 2019, the trial court heard argument on appellant's motion to vacate forfeiture and exonerate bond. The trial court initially stated:

> "Okay. There's a problem with this one. The argument is basically that the bench warrant was not entered into N.C.I.C. But other than Investigator Butler's declaration stating that there appears to be no warrant for the defendant, there is no evidence supporting that the bench warrant was not entered into N.C.I.C. [¶] So the court is inclined to find that the surety has failed its burden to provide competent evidence."

In support of its new position, appellant argued that section 980 was enacted to prevent defendants from being released when they are detained outside of California. Entering the bench warrant into NCIC would prevent such a release. However, entering it as "non-extraditable" is the "same as not putting it in at all."

Respondent also proceeded to argue as if the felony warrant had indeed been entered into NCIC with the denotation "non-extraditable." Respondent argued section 980, subdivision (b) does not address how an entered warrant should be denoted; it just requires that the warrant must be entered: "[T]he plain language of the statute requires that the warrant be entered into N.C.I.C., which it was done in this case. And what the surety wants is for the court to read into the statute that it's required

4

that it be for full extradition.  Now, if that were the case, then every bench warrant that went into the system for full extradition would mean that we are required to bring every defendant back that is picked up all across the United States, and we simply do not have the resources.  [¶]  If we were to put in every single one as full extradition, that would then put us on the hook.  Which is why we have it as in-state only.  And then it is then the burden of the surety, when they find them in another state, to present a [section] 1305(g) package and then we determine if it is a case in which we believe that the defendant should come back and should be extradited.  We then take the steps to upgrade the warrant to allow local law enforcement to pick him up, keep him in custody so that we can go out and extradite the defendant from another state.  [¶]  In this case, the companion [misdemeanor] case for the defendant, that was [what was] done.  The surety presented us with a [section] 1305(g) package where the defendant was in Florida, and that is where the surety is referencing and where our office confirmed his identity and location in Florida and we declined to extradite.  And we submitted on the motion to exonerate in his companion case.  [¶]  They made an oversight, and they did not present us the felony case.  So we were not able to review the D.A.['s] file on the felony case within the time period and to make that same—to make that same choice.  So now the period has passed and because of their oversight and not presenting the [section] 1305(g) on his case, on this case, they now want to argue that it was, you know, a section 980 ineffective warrant into N.C.I.C."  Respondent concluded appellant had failed to carry its burden of showing that the felony warrant had not been entered into NCIC.

Without further comment, the trial court denied the motion. On April 12, 2019 the court granted summary judgment in the amount of $75,435 against appellant based on the order of forfeiture. The judgment included the amount of the bond and costs of the motion for summary judgment.

This appeal followed. Appellant has framed the question it wants us to answer: whether a felony warrant entered into NCIC as "non-extraditable" is consistent with the statutory requirement intent of section 980, subdivision (b).

## DISCUSSION

### 1. *Standard of Review*

The trial court's denial of a motion to set aside an order of forfeiture is reviewed for abuse of discretion. When the facts are undisputed and only legal issues are involved, we conduct an independent review. (*People v. International Fidelity Ins. Co.* (2012) 204 Cal.App.4th 588, 592.) As a general rule, statutes governing bail are strictly construed to avoid forfeiture. (*People v. Accredited Surety Casualty Co.* (2014) 230 Cal.App.4th 548, 556.) "The law disfavors forfeitures in general and bail forfeitures in particular. . . . This policy of strict construction to avoid forfeitures protects the surety 'and more importantly the individual citizens who pledge to the surety their property on behalf of persons seeking release from custody.'" (*Id.* at p. 555-556.)

### 2. *Statutory Framework*

A bail bond is a contract between the surety and the government whereby the surety acts as a guarantor of the defendant's appearance in court under the risk of forfeiture of the bond. (*People v. American Contractors Indemnity Co.* (2004)

6

33 Cal.4th 653, 657.) "The object of bail and its forfeiture is to insure the attendance of the accused and his obedience to the orders and judgment of the court. In matters of this kind there should be no element of revenue to the state nor punishment of the surety." (*People v. Wilcox* (1960) 53 Cal.2d 651, 656–657.)

Failure of a defendant to appear without sufficient excuse requires entry of such fact upon the minutes of the court, and an immediate forfeiture of the bail with prompt notice to the surety and its agent. (§ 1305, subd. (a).) After the bail bond is declared forfeited by the trial court, the bail agent is provided 180 days (plus five additional days when the notice is served by mail) to produce the defendant and reinstate or exonerate the forfeited bond. (*Id.*, subd. (b).) This is the "appearance period." The court may extend the appearance period for up to an additional 180 days from its initial forfeiture order. (§ 1305.4; *People v. Financial Casualty & Surety, Inc.* (2016) 2 Cal.5th 35, 43.) If the defendant is brought to court during the appearance period, the forfeiture must be vacated and the bond exonerated. (§ 1305, subd. (c)(1); *People v. Tingcungco* (2015) 237 Cal.App.4th 249, 253.)

If the appearance period closes without defendant's appearance or a set aside of the forfeiture, section 1306, subdivision (a) compels the trial court to enter summary judgment against the bail agent. Entry of summary judgment in a bail forfeiture is a consent judgment entered without a hearing and the proceedings are not adversarial. (*People v. American Contractors Indemnity Co.* (2015) 238 Cal.App.4th 1041, 1047.) Because the surety consents to judgment pursuant to the governing statutes, the "only issue in a challenge to the summary judgment is whether it was entered pursuant to the terms of the

consent, which requires compliance with Penal Code sections 1305 and 1306." (*Ibid*.) Section 1306, subdivision (a), states that such a judgment shall be the amount of the bond plus costs.

The grounds for vacating a bond forfeiture are scattered throughout several sections of the Penal Code. First is section 980, subdivision (b) upon which appellant relies. When a defendant fails to appear without cause, the trial court, in addition to forfeiting the bond, generally also issues a warrant for the defendant's arrest. (§ 978.5, subd. (a) ["A bench warrant of arrest may be issued whenever a defendant fails to appear in court as required by law including, but not limited to, the following situations: [¶] . . . [¶] (2) If the defendant is released from custody on bail and is ordered . . . to personally appear in court at a specific time and place."].) Section 980 directs the clerk of court to "require the appropriate agency to enter each bench warrant issued on a private surety-bonded felony case into the national warrant system (National Crime Information Center (NCIC)). If the appropriate agency fails to enter the bench warrant into the national warrant system (NCIC), and the court finds that this failure prevented the surety or bond agent from surrendering the fugitive into custody, prevented the fugitive from being arrested or taken into custody, or resulted in the fugitive's subsequent release from custody, the court having jurisdiction over the bail shall, upon petition, set aside the forfeiture of the bond and declare all liability on the bail bond to be exonerated." (§ 980, subd. (b).)

Section 1305 also addresses forfeiture in three different subdivisions. Section 1305, subdivision (f) provides: "In all cases where a defendant is in custody beyond the jurisdiction of the court that ordered the bail forfeited, and the prosecuting agency elects not to seek extradition after being informed of the location of the defendant, the court shall vacate the forfeiture and exonerate the bond on terms that are just and do not exceed the terms imposed in similar situations with respect to other forms of pretrial release."

Section 1305, subdivision (g) provides: "In all cases of forfeiture where a defendant is not in custody and is beyond the jurisdiction of the state, is temporarily detained, by the bail agent, in the presence of a local law enforcement officer of the jurisdiction in which the defendant is located, and is positively identified by that law enforcement officer as the wanted defendant in an affidavit signed under penalty of perjury, and the prosecuting agency elects not to seek extradition after being informed of the location of the defendant, the court shall vacate the forfeiture and exonerate the bond on terms that are just and do not exceed the terms imposed in similar situations with respect to other forms of pretrial release."

Finally, section 1305, subdivision (h) provides: "In cases arising under subdivision (g), if the bail agent and the prosecuting agency agree that additional time is needed to return the defendant to the jurisdiction of the court, and the prosecuting agency agrees to the tolling of the 180-day period, the court may, on the basis of the agreement, toll the 180-day period within which to vacate the forfeiture. The court may order tolling for up to the length of time agreed upon by the parties."

9

The surety shoulders the burden of proving facts that entitle it to relief from forfeiture. (*County of Los Angeles v. Nobel Ins. Co.* (2000) 84 Cal.App.4th 939, 944–945; *People v. Western Ins. Co.* (2013) 213 Cal.App.4th 316, 321.)

3. ***Analysis***

The record on appeal lacks any evidence that the agency failed to enter the felony warrant into NCIC or that it was entered into NCIC as "non-extraditable. In the record before us, Butler's declaration and attached letter from the District Attorney are the only sources of facts presented in support of the motion. His declaration addresses the misdemeanor warrant only. The record is silent about the status and denotation of the felony warrant, other than the Miami-Dade Police Department Warrant Division could not find a warrant for defendant. Based on what Butler learned about the misdemeanor warrant, appellant speculated in its motion that the felony warrant was not entered into NCIC. We agree with the trial court that there is no evidence to support that speculation. At the hearing appellant argued that "the People also submitted the N.C.I.C. report showing that the entry was non-extraditable for California purposes only." However, appellant has not supplied this court with any other evidence that may have been relied upon in the trial court and we cannot discern from counsel's remark which warrant appellant is referencing—the misdemeanor warrant or the felony warrant.

Without any factual underpinning for its argument, we must reject appellant's position. " 'Evidence' means testimony, writings, material objects, or other things presented to the senses that are offered to prove the existence or nonexistence of a fact." (Evid. Code, § 140.) Statements and argument by counsel are not evidence. (*People v. Richardson* (2008) 43 Cal.4th 959, 1004; *Maudlin v. Pacific Decision Sciences Corp.* (2006) 137 Cal.App.4th 1001, 1015 [counsel's arguments are not evidence].) As much as the parties may want us to decide this question, we cannot do so on this record. Were the misdemeanor warrant the subject of this appeal, we could address the question presented. However, we are not addressing the misdemeanor warrant, and without factual support for its argument, we must reject appellant's position as to the felony warrant.

We note even if the felony warrant were deemed not to have been properly entered into NCIC as required, we nonetheless have no information on the second showing that must be made to obtain relief under section 980, subdivision (b): whether the agency's failure to enter the *felony* warrant was the reason why defendant could not have been surrendered to local law enforcement, if he was not surrendered. And, to the extent the parties rely on section 1305, subdivisions (f), (g), and (h), we cannot determine which subdivision may be applicable as the record does not tell us if defendant was ever in custody.

Appellant has failed to carry its burden of proof.

## DISPOSITION

The order is affirmed.  Respondent is awarded costs.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

STRATTON, J.

We concur:

BIGELOW, P. J.

WILEY, J.