Filed 6/7/24  Marriage of L.R. and K.A. CA4/1
Reposting correct version

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| In re the Marriage of L.R. and K.A. | D082521 |
| L.R., | |
| Appellant, | (Super. Ct. No. D557861) |
| v. | |
| K.A. et al., | |
| Respondents. | |

APPEAL from an order of the Superior Court of San Diego County, Victor N. Pippins, Judge.  Affirmed.

L.R., in pro. per., for Appellant.

No appearance for Respondents.

L.R. appeals from the family court's April 12, 2023 findings and order after hearing (FOAH), in which the court made several rulings, including: (1) K.A. was not in violation of "any order related to conjoint therapy"; (2) L.R. did not meet her burden of proof that K.A. "in any way thwarted conjoint therapy" with the parties' child; (3) refusing to "modify the conjoint therapy order"; (4) denying L.R.'s request for Family Code[2] section 271 sanctions; and (5) authorizing minor's counsel to obtain a copy of a report from a yet-to-be held conjoint therapy session and making that report available to K.A.

Because it was not clear from L.R.'s June 5, 2023 notice of appeal what issues and/or rulings from the FOAH she is appealing, this court directed her to file a letter brief to (1) clarify what issues and/or rulings she is appealing from the FOAH; and (2) explain whether such issues and/or rulings constitute a final appealable order under Code of Civil Procedure section 904.1, subdivision (a).  L.R. complied.

On September 18, 2023, after considering her letter brief, this court issued an order concluding her appeal to the FOAH "*is limited <u>solely</u> to the trial court's denial of her request for sanctions under Family Code section 271.*"  (Italics added.)  (See *Lester v. Lennane* (2000) 84 Cal.App.4th 536, 564 [an order denying attorney fees is appealable as an order directing the payment of money because "the moving party has in effect been directed to

---

[1]    This case is appropriate for resolution by memorandum opinion because it raises "no substantial issues of law or fact."  (Cal. Stds. Jud. Admin., § 8.1; see *People v. Garcia* (2002) 97 Cal.App.4th 847.)

[2]    Further undesignated statutory references are to the Family Code.

pay his or her own fees"].)  We also concluded "[t]he trial court's other rulings in the FOAH . . . are interlocutory and therefore <u>not</u> appealable."  (See *Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696; *Smith v. Smith* (2012) 208 Cal.App.4th 1074, 1083 ["In the absence of a statute authorizing an appeal, we lack jurisdiction to review a case even by consent, waiver, or estoppel."].)  The court's order as to the other rulings are not on the list of prejudgment orders that are appealable.  (See Code Civ. Proc., § 904.1, subd. (a).)

Despite our September 18, 2023 order, L.R. filed a 74-page opening brief addressing everything but the trial court's denial of her request for sanctions under section 271.  Consequently, we conclude L.R. has failed to meet her affirmative burden on appeal to demonstrate reversible error with respect to the court's order denying her request for section 271 sanctions.

Although we understand the challenges of appearing as a self-represented litigant, the governing rules of appellate procedures have been explained to L.R. in our prior decisions in her other appeals.  We have stated that it "is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment."  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609 (*Jameson*).)  As the appellant, L.R. must "affirmatively" show error; " '[t]his is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' "  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  In particular, " '[t]he reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment,' " rather the appellant has a duty

"to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal. . . . If no citation 'is furnished on a particular point, the court may treat it as waived.' " (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115, citation omitted.)

Further, an appellant must "support claims of error with meaningful argument and citation to authority"; "[w]e are not required to examine undeveloped claims or to supply arguments for the litigants." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.) "Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review." (*Menges v. Department of Transportation* (2020) 59 Cal.App.5th 13, 27 [cleaned up].) "Hence, conclusory claims of error will fail." (*Ibid.* [cleaned up].) The appellant " 'bears the duty of spelling out in [her] brief exactly how the error caused a miscarriage of justice.' " (*County of Los Angeles v. Nobel Ins. Co.* (2000) 84 Cal.App.4th 939, 945.) It is not our role to construct theories or arguments for the appellant to undermine the judgment and defeat the presumption of correctness. (*Ibid.*) Self-represented litigants are held to these standards. (*Tanguilig v. Valdez* (2019) 36 Cal.App.5th 514, 520.)

L.R. fails to provide any argument as to how the trial court abused its discretion in denying her request for an award of sanctions against K.A. (See *Ewald v. Nationstar Mortgage, LLC* (2017) 13 Cal.App.5th 947, 948 [failure to acknowledge proper scope of review is concession of lack of merit].) Our keyword search of her appellate brief reveals the word "fee(s)" appear six times, but never in a developed argument or theory of error. She does not cite any legal authority to address the asserted error, including authority on the standard of review that applies to our review of an order denying section 271 sanctions. (See *People v. Foss* (2007) 155 Cal.App.4th

4

113, 126 [failure to tailor arguments to appropriate standard of review constitutes failure to show error in judgment].)

Here, we review a court's decision whether to award sanctions under section 271 for abuse of discretion. (*In re E.M.* (2014) 228 Cal.App.4th 828, 850.) "The imposition of sanctions under section 271 is committed to the sound discretion of the trial court. The trial court's order will be upheld on appeal unless the reviewing court, 'considering all of the evidence viewed most favorably in its support and indulging all reasonable inferences in its favor, no judge could reasonably make the order.' " (*Ibid.*) In the absence of any argument to the contrary, we presume the court's order is correct and will uphold it. (*Jameson, supra,* 5 Cal.5th at pp. 608–609.)

## DISPOSITION

The trial court's FOAH dated April 12, 2023 is affirmed.

DO, J.

WE CONCUR:

McCONNELL, P. J.

BUCHANAN, J.

5