Filed 10/19/22 Marriage of Freeman CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of OLIVE M. and ALAN S. FREEMAN. | 2d Civil No. B311411 (Super. Ct. No. D374102) (Ventura County) |
| OLIVE MERSADES RICHARDS, Appellant, v. ALAN STEVEN FREEMAN, Respondent. | |

Olive Mersades Richards (formerly Freeman), a California licensed attorney, appeals in propria persona from an order denying her request to set aside a judgment on reserved issues (the judgment) following the dissolution of her marriage to respondent Alan Steven Freeman. The postjudgment order is

appealable pursuant to Code of Civil Procedure section 904.1, subdivision (a)(2).[1] (*Ryan v. Rosenfeld* (2017) 3 Cal.5th 124, 127.)

The request to set aside the judgment was made pursuant to section 473, subdivision (b). Appellant contends that the trial court abused its discretion, was biased against her, and erroneously required her to pay sanctions of $25,000. We affirm.

*August 18, 2020 Judgment on Reserved Issues*

The judgment was entered on August 18, 2020. It recites the following facts: "The parties married on December 19, 1996, and stipulated to a date of separation of October 12, 2015. On May 29, 2018, the court granted a dissolution of marriage based on irreconcilable difference . . . ." "The matter came on for trial on reserved issues . . . on August 13, 2020. [Appellant] was not present. Respondent . . . was present by and with his attorney . . . ." The trial court noted that it had "read and considered [appellant's] [trial] brief," which was "served and filed the day before trial."

The judgment divided the parties' assets, ordered reimbursements, and required appellant to make an equalizing payment to respondent.

*No Valid Appeal from Judgment on Reserved Issues*

In her reply brief, appellant claims that she "file[d] a meritorious timely appeal on April 2, 2021, from the August 18, 2020 judgment [on reserved issues] so she does not forfeit her right to appellate review" of that judgment. The April 2, 2021 notice of appeal states that the appeal is from the "judgment after court trial" that "was entered on . . . February 10, 2021." But the judgment was not entered on February 10, 2021. On that

_____

[1] All undesignated statutory references are to the Code of Civil Procedure.

date, the court denied appellant's motion to set aside the judgment.

If in her notice of appeal appellant intended to appeal from the August 18, 2020 judgment, the notice was filed late and is therefore invalid. Notice of entry of judgment was mailed to the parties on August 18, 2020. The 60-day jurisdictional period for filing an appeal from the judgment expired on Monday, October 19, 2020. (Cal. Rules of Court, rule 8.104(a)(1)(A).) The time for filing an appeal from a judgment is extended "[i]f, within the time prescribed by rule 8.104 to appeal from the judgment, any party serves and files a valid notice of intention to move – or a valid motion – to vacate the judgment . . . ." (*Id.*, rule 8.108(c).) Appellant did not file her request to set aside the judgment within the 60-day period for filing a notice of appeal from the judgment. The request was filed on November 24, 2020, 98 days after the mailing of notice of entry of the August 18, 2020 judgment.

Accordingly, we construe the April 2, 2020 notice of appeal to be from the February 10, 2021 postjudgment order denying appellant's motion to set aside the August 18, 2020 judgment. As so construed, the appeal was timely filed.

*Appellant's Request to Set*
*Aside Judgment on Reserved Issues*

Appellant's request to set aside the judgment was based on her absence at the trial conducted on August 13, 2020. Appellant declared that, because of health problems, she was unable to be personally present at the trial. "[D]ue to financial restraints," she was "unable to obtain an attorney" to represent her at the trial.

3

As authority for her request to set aside the judgment, appellant relied on the "excusable neglect" provision of section 473, subdivision (b): "The court may, upon any terms as may be just, relieve a party . . . from a judgment . . . taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (*Ibid*.) Appellant "request[ed] the Court set aside the [judgment] and allow this matter to be set for trial due to my excusable neglect in being unable to attend the trial . . . due to my health and my inability to acquire legal representation . . . ."

As evidence of her health problems, appellant attached a declaration signed by Dr. Scott A. Godfrey on December 16, 2019. Dr. Godfrey said he was treating appellant for "multiple myeloma." The treatment began on November 8, 2019. Dr. Godfrey opined that, because of the treatment, she "is physically incapable of attending and participating in trial, or the preparation for trial . . . scheduled for December 19, 2019 . . . ." Dr. Godfrey "request[ed] that trial should be postponed until a date at least after March 1, 2020." Dr. Godfrey expressed no opinion as to appellant's capability of preparing for and participating in the postponed trial scheduled for August 13, 2020.

Appellant declared under penalty of perjury that she had not moved for a continuance of the August 2020 trial because the trial court's prior statements had led her to believe "that even if I were to ask for a continuance . . . due to my health and my inability to find substitute legal representation, a continuance would not be considered." The court's prior statements were made in a notice to the parties dated July 2, 2020. On that date the trial court granted appellant's counsel's motion to be relieved

4

as counsel. The notice said: "[T]he Court is prioritizing this trial and is not moving the trial date if new counsel for [appellant] substitutes into the case . . . . All parties and all counsel must be ready to proceed with trial beginning on August 13, 2020. [¶] . . . Any communications from [appellant] that she is self-represented and unable to attend the trial is not a good enough reason to vacate or move the trial date."

In view of the trial court's July 2, 2020 notice and appellant's interpretation of the notice in her declaration under penalty of perjury, we reject the following contradictory claim in her opening brief: "The court erred by failing to set aside the judgment on the ground of mistake of fact" because appellant "reasonably thought the court was going to continue the trial on its own motion when it said in its July 2, 2020 [notice]: 'The court anticipates no appearance at the two-day TRIAL by [appellant] . . . .'" (Bold omitted.)

Appellant declared, "If I had been able to attend and did attend the trial . . . , the case could have been tried on the merits with my giving testimony and providing exhibits to the Court to be considered." Appellant did not make an offer of proof as to her testimony and did not produce or describe the exhibits.

*Respondent's Opposition to Appellant's*
*Request to Set Aside Judgment*

In support of respondent's opposition to appellant's request to set aside the judgment, his counsel declared that, despite appellant's allegedly poor health, she had "faxed me a 37-page all text Trial Brief . . . on August 12, 2020[, the day before the trial began]. On August 14, 2020, she also faxed [her] Declaration . . . in support of attorney's fees, and a Notice of Intent to seek Sanctions."

5

Counsel further declared: "I [am not] aware of any orders indicating a continuance [of the trial] would not be granted due to [appellant's] health reasons. In fact, the Court granted [appellant's] request for continuance immediately after being provided with a declaration from [appellant's] doctor in December 2019. I believe this supports the position that a continuance would be granted if [appellant] was truly unable to participate for health reasons."

*Hearing on Appellant's Request to Set Aside Judgment*

On February 10, 2021, the trial court conducted a hearing via Zoom on appellant's request to set aside the judgment. Both parties were present and represented by counsel.

Respondent's counsel complained that he had not received any of appellant's proposed exhibits. Appellant's counsel replied, "[I]f we don't set aside the judgment, there's no need to submit any exhibit lists. So why do that extra work if we're not proceeding to a new trial. So that argument . . . is . . . nonsensical in the context of this hearing."

The trial court asked appellant's counsel, "[U]nder [section] 473, . . . what do you believe was your client's mistake, inadvertence, surprise or excusable neglect?" Counsel replied: "[A]t the very least the excusable neglect was not securing alternate counsel at the time that [her former counsel] was relieved as counsel [on July 2, 2020] . . . ." "At that particular moment in time, she was not in a place to interview and retain counsel due to her medical condition. [¶] This all is focused around her medical condition." Counsel did not say that financial restraints had prevented her from retaining counsel to represent her at the trial.

6

The trial court noted that although appellant claimed she "was in no position to retain, contact, hire counsel for the trial of August of 2020, what she did do was file a 32 [sic 37]-page trial brief that . . . I received on the day of trial." The brief "is extraordinarily lawyer like. It is cohesive. It states [appellant's] position as to many different facets of the case with an articulate ability that impresses me and impressed me at the time."

The trial court continued: "[W]ith respect to her medical condition at the time of trial, all I had, in terms of hard evidence of her medical condition, was a somewhat cryptic declaration from Dr. Godfrey in December of 2019, some eight months prior to the trial. [¶] So for anyone to suggest that I understood the metes and bounds of her medical condition at the time of trial is nonsensical." Furthermore, "I did not have before me on August the 13th a motion to continue the trial, a declaration from a physician or anything else that would have given me a good basis to continue the trial at that time."

Finally, the trial court observed that "even in a default proceeding, which this was, . . . the burden is on the moving party who's trying to set aside the default judgment to show me that it is probable that there would have been a different result. And there is no evidence in this case at this time that there would have been a different result had I had [appellant], a licensed attorney, or another attorney present on her behalf. [¶] So on all of those grounds, the motion to set aside the judgment . . . is denied."

*Standard of Review*

"The standard for appellate review of an order denying a motion to set aside under section 473 is quite limited. A ruling on such a motion rests within the sound discretion of the trial

7

court, and will not be disturbed on appeal in the absence of a clear showing of abuse of discretion, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice.  Where a trial court has discretionary power to decide an issue, an appellate court is not authorized to substitute its judgment of the correct result for the decision of the trial court.  [Citations.]  ""The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason.  When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court."'  [Citations.]'  [Citation.]  The burden is on the complaining party to establish abuse of discretion, and the showing on appeal is insufficient if it presents a state of facts which simply affords an opportunity for a difference of opinion." (*In re Marriage of King* (2000) 80 Cal.App.4th 92, 118, fn. omitted.)

"We have previously commented on the 'daunting task' confronting an appellant who seeks reversal of a trial court's discretionary ruling.  (*Estate of Gilkison* (1998) 65 Cal.App.4th 1443, 1448-1449 . . . .)" (*Dreamweaver Andalusians, LLC v. Prudential Ins. Co. of America* (2015) 234 Cal.App.4th 1168, 1171.)

### *Motions to Augment Record*

There are three motions to augment the record on appeal. On July 6, 2022, respondent filed a motion to augment the record to include numerous "pleadings, documents, and transcripts." Appellant filed opposition to the motion.  "We deny [respondent's] motion because augmentation is unnecessary for our determination of the issues in this appeal."  (*In re M.M.* (2015) 235 Cal.App.4th 54, 59, fn. 4.)

On June 13, 2022, appellant filed a motion to augment the record to include three documents. For the reasons set forth in respondent's June 20, 2022 opposition to the motion, we deny it.

Finally, on August 26, 2021, appellant filed an unopposed motion to augment the record. On September 17, 2021, we granted the motion as to exhibits i through xxiv, but deferred ruling on exhibits xxv through xxviii. Exhibit xxv is Dr. Godfrey's declaration dated June 4, 2021. As to this exhibit, we deny the motion to augment because the exhibit was not before the trial court on February 10, 2021, when it denied appellant's request to set aside the judgment. "In assessing a claimed abuse of discretion, we assess the trial court's ruling by considering the record then before the court." (*People v. Myles* (2012) 53 Cal.4th 1181, 1200.)

As to exhibits xxvi through xxviii, we deny the motion to augment because they are irrelevant to the issues in the present appeal. These exhibits involve proceedings conducted after the filing of the notice of appeal on April 2, 2021.

*The Trial Court Did Not Abuse Its Discretion*

"While section 473 authorizes a court to relieve a party from default suffered through inadvertence, surprise, excusable neglect or mistake, 'these words are not meaningless, and the party requesting such relief must *affirmatively show* that the situation is one which clearly falls within such category.' [Citation.] '[A] party who seeks relief under [section 473] must make a showing that due to some mistake, either of fact or of law, of himself or of his counsel, or through some inadvertence, surprise or neglect which may properly be considered excusable, the judgment or order from which he seeks relief should be reversed. In other words, a burden is imposed upon the party

seeking relief to show why he is entitled to it, and the assumption of this burden necessarily requires the production of evidence. [Citations.]' [Citations.] In a motion under section 473 the initial burden is on the moving party to prove excusable neglect by a 'preponderance of the evidence.'" (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 623-624.) "'[The] moving party must present a reasonable excuse. . . .'" (*Id.* at p. 624.)

The trial court did not exceed the bounds of reason in concluding that appellant had failed to prove excusable neglect by a preponderance of the evidence. Appellant was a licensed California attorney. Despite her legal background, she did not move to continue the August 2020 trial based on her health problems. The trial court never said it would deny a continuance irrespective of her medical condition. It had earlier granted a continuance of the trial based on Dr. Godfrey's declaration. Since appellant was capable of preparing and filing an impressive, "extraordinarily lawyer[-]like" trial brief for the August 2020 trial, it is reasonable to infer that she was also capable of preparing and filing a motion to continue the trial.

In addition, it is reasonable to infer that appellant was capable of retaining counsel to represent her at the trial. Respondent's trial counsel claimed that appellant had adequate time to retain new counsel since in February 2020 her counsel "filed his Motion to be Relieved as Counsel." The record shows that the motion to be relieved as counsel was filed on February 25, 2020, more than five months before the August 13, 2020 trial date.

Furthermore, in support of her request to vacate the judgment, appellant presented no medical evidence from her doctors as to her condition before the August 2020 trial. The trial

10

court noted, "[A]ll [it] had, in terms of hard evidence of her medical condition, was a somewhat cryptic declaration from Dr. Godfrey in December of 2019, some eight months prior to the trial." Dr. Godfrey's opinion that appellant was "physically incapable of attending and participating in trial, or the preparation for trial . . . scheduled for December 19, 2019" had no bearing on whether she was capable of participating in and preparing for the trial scheduled for August 13, 2020.

Finally, the trial court acted within its discretion because, as the court observed, "there is no evidence in this case at this time that there would have been a different result had I had [appellant], a licensed attorney, or another attorney present on her behalf" at the August 2020 trial.

*Appellant Failed to Show that the Trial Court's Alleged Abuse of Discretion Resulted in a Miscarriage of Justice*

If the trial court had abused its discretion, appellant would not have been entitled to a reversal because she failed to show that the error resulted in a miscarriage of justice. "A ruling on . . . a [section 473] motion . . . will not be disturbed on appeal in the absence of a clear showing of abuse of discretion, *resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice.*" (*In re Marriage of King, supra*, 80 Cal.App.4th at p. 118, italics added; see also Cal. Const., art. VI, § 13 ["No judgment shall be set aside . . . unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice"].)

The "miscarriage of justice" rule is codified in section 475: "No judgment, decision, or decree shall be reversed or affected by reason of any error . . . unless it shall appear from the record that

11

such error . . . was prejudicial, and also that by reason of such error . . . the said party complaining or appealing sustained and suffered substantial injury, and that a different result would have been probable if such error . . . had not occurred or existed."

There is no evidentiary showing of a miscarriage of justice. Appellant did not make an offer of proof as to what her testimony would have been at the trial. Nor did she produce or describe the exhibits she would have introduced. She merely declared, "If I had been able to attend and did attend the trial . . . , the case could have been tried on the merits with my giving testimony and providing exhibits to the Court to be considered."

At the hearing on the request to set aside the judgment, appellant's counsel said, "[I]f we don't set aside the judgment, there's no need to submit any exhibit lists. So why do that extra work if we're not proceeding to a new trial." But without an offer of proof as to what evidence was excluded by appellant's absence from the trial, appellant cannot show that she "sustained and suffered substantial injury, and that a different result would have been probable" had she been present at the trial. (§ 475; see *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566 ["'unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power'"]; *County of Los Angeles v. Nobel Ins. Co.* (2000) 84 Cal.App.4th 939, 945 ["The burden is on the appellant in every case to show that error has resulted in a miscarriage of justice"].)

*Appellant's Attack on Validity of Judgment*

In her opening brief appellant makes a lengthy, detailed attack on the validity of the judgment. She lists 21 "instances" in which respondent "committed extrinsic fraud." She claims that

the trial court erred in its division of property and reimbursement orders.  She contends that (1) respondent "breached his fiduciary duty," (2) the trial court "erred in relieving [retained counsel] as [her] attorney on July 2, 2020," (3) the court erroneously admitted into evidence respondent's inaccurate accounting, and (4) it failed to award her need-based attorney fees.

Appellant did not appeal from the August 18, 2020 judgment.  She appealed from the postjudgment order denying her request to set aside the judgment pursuant to section 473, subdivision (b).  (See *ante*, at pp. 2-3.)  In the trial court, her theory was that she was entitled to relief based on "excusable neglect."  (§ 473, subd. (b).)  Appellant cannot change her theory on appeal.  "As a general rule, having chosen to file her motion in the trial court under section 473 and base all her arguments below upon that provision, appellant should not at this late date be permitted to change the entire basis of her motion because in hindsight it now seems expedient for her to do so.  'A party is not permitted to change his [or her] position and adopt a new and different theory on appeal.  To permit him [or her] to do so would not only be unfair to the trial court, but manifestly unjust to the opposing litigant.'"  (*In re Marriage of King, supra*, 80 Cal.App.4th at pp. 110-111; see also *id*. at p. 117, fn. 17 [an appellate court can "only address those issues appellant *actually raised before the trial court*" in the motion to set aside the judgment; thus, appellant cannot "bootstrap onto this appeal any arguments regarding the underlying judgment that were not already raised on the motion to set aside in the trial court below"].)

13

Appellant asserts: "Judicial misconduct is pervasive in [her] case as the judge is predetermined to rule against [her] because she is a woman and because he does not like her."  "[T]he court's gender-based bias deprives [her] of her due process rights and a fair trial . . . ."

The claim of judicial bias is not supported by the evidence. Moreover, the claim is forfeited because appellant did not raise the issue before the trial court ruled on her motion to set aside the judgment.  (*Moulton Niguel Water Dist. v. Colombo* (2003) 111 Cal.App.4th 1210, 1218 ["owners did not preserve their claim of judicial bias for review because they did not object to the alleged improprieties and never asked the judge to correct remarks made or recuse himself"]; *Caminetti v. Pacific Mut. Life Ins. Co. of Cal.* (1943) 22 Cal.2d 386, 392 ["'It would seem . . . intolerable to permit a party to play fast and loose with the administration of justice by deliberately standing by without making an objection of which he is aware and thereby permitting the proceedings to go to a conclusion which he may acquiesce in, if favorable, and which he may avoid, if not'"].)

### Sanctions Order

In a postjudgment order filed on October 26, 2020, the trial court required appellant to pay respondent "the sum of $25,000 as a sanction pursuant to Family Code section 271."  Appellant claims that the evidence is insufficient to support the sanctions order.  There is no jurisdiction to consider her claim because she failed to file an appeal from the order.  (*Adoption of Alexander S.* (1988) 44 Cal.3d 857, 864 ["A timely notice of appeal vests jurisdiction in the Court of Appeal"].)  An appeal was available

14

under section 904.1, subdivision (a)(2), authorizing an appeal from a postjudgment order, or under section 904.1, subdivision (a)(12), authorizing an appeal "[f]rom an order directing payment of monetary sanctions . . . if the amount exceeds five thousand dollars."

*Disposition*

The order denying appellant's request to set aside the judgment on reserved issues is affirmed. Respondent shall recover his costs on appeal.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

15

John R. Smiley, Judge

Superior Court County of Ventura

_____

Olive Mersades Richards, in pro. per., for Appellant.

Norman Dowler and Thomas Hutchinson, for Respondent.